(No. 33023.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY LEWIS, Plaintiff in Error.

*Opinion filed March 17, 1954.*

HENRY LEWIS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JAMES E. BALES, State's Attorney, of Dixon, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1949 plaintiff in error, Henry Lewis, hereinafter referred to as defendant, pleaded guilty in the circuit court of Lee County to an indictment charging assault with intent to commit murder. He was sentenced to imprisonment in the penitentiary for a term of not less than three nor more than twelve years. He brings the cause here for review by writ of error.

At the time of the judgment, defendant was 15 years of age. The offense was committed while he was a patient in the Dixon State Hospital, to which he had theretofore been committed as a feeble-minded person. Prior to the entry of a plea the State's Attorney filed a suggestion of mental incompetency, representing the above facts, and a jury was impanelled to determine defendant's present mental competence. The court also appointed three persons as attorneys and as guardians *ad litem* for defendant. A

hearing was had on the question of mental competency, and the jury returned a verdict finding that defendant is not a feeble-minded person. Thereafter the defendant, after having had his legal rights explained to him and being duly admonished as to the consequences of a plea of guilty, persisted in such plea, and sentence was then imposed.

Appearing *pro se,* he now contends that the grand jury was illegally recalled after expiration of thirty days; that it was illegally constituted because of failure to comply with the Jury Commissioners Act; that he was unlawfully removed from the Dixon State Hospital for the present prosecution; that the duty of the State was to prove mental competency at the time of the offense, rather than at the time of trial; that his counsel were not effective in protecting his rights; that the court erred in appointing counsel without inquiring whether his relatives wished to engage other counsel for him; that defendant failed to understand the instructions and admonitions given by the court; and that the court had no jurisdiction over his person because of his prior adjudication as a feeble-minded person by the circuit court of Cook County.

At the September, 1953, term of this court, we had before us a petition by defendant for a writ of error under the Post Conviction Hearing Act. (Ill. Rev. Stat. 1953, chap. 38, pars. 826-832.) We denied the writ of error, holding that there was no merit to his charges that the grand jury was illegally constituted and further holding that defendant was duly admonished as to the consequences of his plea and that he voluntarily pleaded guilty. Our prior determination is decisive as to those questions. Likewise, it is decisive as to all constitutional questions which were not raised, but which could have been raised under the Post Conviction Hearing Act. That act was designed to afford a complete remedy to all persons convicted of crime who claim that in the proceedings which resulted in their

conviction their constitutional rights were violated, and one who elects to take advantage of it must set forth in his petition for relief all of the constitutional violations which he claims occurred at his trial. Any constitutional claim which is not raised in a proceeding under the act is waived. (Ill. Rev. Stat. 1953, chap. 38, par. 828.) For that reason, the allegations in the present writ of error with respect to competency of counsel, right to counsel of his own choice and illegal recall of the grand jury cannot be considered, for they are of such a nature that they could have been raised in the post conviction petition, and having not been raised, are waived.

This leaves for consideration the charges that the defendant was unlawfully removed from the hospital for trial, that the court should have inquired into his mental condition at the time of the offense rather than at the time of the trial and that the court had no jurisdiction over his person.

We find no merit in any of defendant's contentions. That the court had jurisdiction over the person of defendant clearly appears from the record. The mere fact that there was a prior adjudication of feeble-mindedness cannot defeat jurisdiction. (See *People ex rel Wiseman* v. *Nierstheimer*, 401 Ill. 260, 278.) It is merely *prima facie* evidence of feeble-mindedness existing at a subsequent time, (*Jablonski* v. *People*, 413 Ill. 494,) which is rebutted by the finding of the jury to the contrary. It is likewise obvious that the jury trial on this question was properly limited to the mental condition at the time of such trial. We have heretofore observed that "When the trial is ordered for the purpose of determining the defendant's sanity the inquiry is confined to his sanity at the time of the trial upon that question, for the purpose of determining whether he is sane and has the capacity to make a rational defense. His mental condition at the time of the commission of the alleged crime is foreign to the inquiry. That question is

only competent to be considered and passed upon when the accused is placed upon his trial for the alleged crime." *People* v. *Gavrilovich,* 265 Ill. 11, 17.

Defendants' charge that he was unlawfully removed from the hospital for trial is based upon the proposition that he was arrested at the hospital on a warrant, whereas he contends that he should have been brought before the court by a writ of *habeas corpus* issued pursuant to a court order. While the issuance of such a writ would have been proper, it by no means follows that it was the exclusive method by which defendant could be brought into court. Confinement in a mental hospital affords no sanctuary from arrest, and the arrest of defendant was proper.

Since all questions of constitutional nature have heretofore been determined against defendant or waived, and, there being no error in the record in other respects, the judgment of the circuit court of Lee County is affirmed.

*Judgment affirmed.*