(No. 35129.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE LEE BYRD, Plaintiff in Error.

*Opinion filed January 20, 1961.*

LLOYD G. HEROLD, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant was indicted in the criminal court of Cook County for two separate crimes of armed robbery. By agreement, the indictments were consolidated for trial before the court without a jury, resulting in findings of guilty on each indictment. About one year later he filed a petition under the Post-Conviction Hearing Act. Following a hearing in the trial court the petition was denied and we denied a writ of error. He then obtained a free transcript under Rule 65—1 and we allowed a writ of error under that rule to review the judgment of conviction.

On the present writ of error defendant contends that a confession which was introduced in evidence against him was obtained by improper means and contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

The contention that defendant's confession was involuntary was first advanced during the original trial of the case at which a full hearing was held to determine whether the confession was voluntary. The same contention was advanced in defendant's post-conviction petition and again a full hearing was held on this issue. After reviewing the evidence at that hearing, we denied a writ of error (*People* v. *Byrd,* Memo Order, No. 2102). Our determination upon a review of the post-conviction judgment is *res judicata* as to that issue. (*People* v. *Lewis,* 2 Ill.2d 328.) We, therefore, do not consider on this writ of error defendant's contention that his confession was involuntary.

In addition to contending that the confession was involuntary, defendant's appointed counsel has advanced the argument that in no case should a confession be admitted in evidence where the defendant contends that it is involuntary. Counsel has reviewed many cases decided in this court over the past 12 years in which it has been contended that an involuntary confession was admitted in evidence and has pointed out numerous instances in which we have strongly condemned the use of coerced confessions. We agree with counsel that the use of a coerced confession to obtain a conviction is to be condemned. However, it does not follow that merely because a defendant alleges that the confession has been obtained by improper means that the confession should not be admitted in evidence. A defendant making such an allegation has a right to a hearing to determine whether his confession is voluntary and if the court determines that no improper means were used to extract a confession, the confession is admissible. In *People* v. *Green,* 17 Ill.2d 35, we held that a voluntary confession is of convincing character and the highest type of evidence known to law. We, therefore, hold that the mere fact that defendant alleged that his confession was obtained by force does not render the same inadmissible.

We now turn to a consideration of the evidence at defendant's trial. In addition to his confession, the victims of the two robberies which were the subject matter of the two indictments under which defendant was convicted identified defendant at the trial and testified that they had identified him at a police lineup shortly after the crimes. Defendant contends that the testimony of the victims was not worthy of belief because of inconsistencies in their testimony. A careful scrutiny of the record reveals no important discrepancies. There are minor variations between the testimony of these witnesses at the trial and at the post-conviction hearing a year later with respect to times, dates, etc., but these discrepancies were of such a nature as to be

easily accounted for by the lapse of time between the trial and the post-conviction hearing. In any event, the credibility of the witnesses was a matter for the trial judge, who heard the case without a jury, to determine, and we see no reason to disturb his finding. Defendant also contends that at the lineup the police officers pointed out and identified defendant before the witnesses had identified him. The evidence is conflicting on this point. However, this circumstance, even if proved, would go only to the weight and credibility of the witnesses' testimony.

We find that the evidence at the trial was sufficient to establish defendant's guilt beyond a reasonable doubt, and the judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*