(No. 36288.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD SPEICE, Plaintiff in Error.

*Opinion filed September 22, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Following a conviction of the crime of burglary in the criminal court of Cook County the defendant, Edward Speice, sued out a writ of error from this court to review

the judgment of conviction. On this writ of error the defendant contends that his motion to suppress certain evidence should have been allowed, that the trial court erred in failing to hold a hearing outside the presence of the jury to determine the voluntary character of a confession, that the trial court improperly limited the defendant's right to cross-examine a prosecution witness, and that evidence of another crime was introduced against the defendant.

At the hearing on the motion to suppress the defendant testified that at about midnight on the night in question he was arrested as he parked his car in front of his home. He asked the officers whether they had a warrant and they said they did not need one. He told the officers that if they had a warrant they could search his house but if they had no warrant they could not. The defendant testified that in spite of his objection the officers took him into his house at gun point and proceeded to search the house against his wishes. The defendant testified that he lived in the apartment with his wife, his son and his sister-in-law. A police officer testified that he received an anonymous telephone call from a woman who said, "You wish to get two guys with some hot property? Well, there are two fellows who took in some property at 2453 West Berteau earlier this evening." After the call the witness and two other officers went to that address at about 11:20 p.m. The witness rang the bell and Mrs. Speice opened the door and asked the officers to come in. The witness asked Mrs. Speice if her husband had brought in any property earlier that evening and she said that he had and asked if the officers would like to see the property. They went into a bedrom where Mrs. Speice stated the property had been brought by her husband earlier that evening and the witness saw three portable piano-organs, a portable television set, a brown attache case and an electric welding outfit. According to this witness Mrs. Speice told him that she had had an argument earlier that evening about bringing the property into the apartment

and that she had told him to get the stuff out of the apartment immediately because she didn't want to get involved with the police. The witness further testified that after this search he and the other officers left the house and parked their car a short distance away to await the return of the defendant. At about 2:00 a.m. they saw the defendant drive up to his house and the officers placed him under arrest. They then went to the apartment and asked the defendant where the articles were that had been brought in that night and the defendant pointed to the bedroom where the officers had previously found the property. The witness testified that defendant objected to them removing a fan since he claimed that he paid for it and it wasn't "hot." Mrs. Speice testified in rebuttal that when the officers first came to the apartment they asked if the defendant was there. When she replied that he was not they asked if they could come in and she said that they could. According to Mrs. Speice the officers left without making a search. She denied taking the officers to a bedroom and pointing out the merchandise and denied that she told the officers that she was angry at her husband for bringing in stolen merchandise.

The defendant contends that the property discovered as a result of this search was improperly admitted in evidence. Two alternative contentions are advanced. First it is argued that even if Mrs. Speice did freely consent to a search of the premises, her consent was insufficient to waive the constitutional right of her husband to be free from an illegal search of his property. In our opinion this contention can not be sustained in view of our holdings in *People* v. *Shambley*, 4 Ill.2d 38 and *People* v. *Perroni*, 14 Ill.2d 581. In both of these cases the evidence showed that the premises were jointly owned by the husband and wife and we held that the consent of the wife to a search of the premises was sufficient to waive the husband's constitutional immunity. In *Shambley* we said, 4 Ill.2d 38, 42, "the rule seems to be

well established that where two persons have equal rights to the use or occupation of premises, either may give consent to a search and the evidence thus disclosed can be used against either." This language was cited with approval in the *Perroni case.* In the present case the defendant's motion to suppress alleged that the premises were occupied by defendant and his wife and this allegation was supported by defendant's own testimony at the hearing on the motion. We are of the opinion that the joint occupancy of the apartment by the defendant and his wife is sufficient to bring this case within the rule set forth in *Shambley* and *Perroni.* Therefore, if the defendant's wife freely consented to a search of the premises, the consent was sufficient to waive the defendant's immunity.

The second alternative argued by the defendant in support of his contention that the search was illegal is that the consent of the wife was not freely given but was the result of an implied coercion on the part of the police officers. In support of this contention the defendant relies strongly upon *Amos* v. *United States,* 255 U.S. 313, 65 L. ed. 654, and *People* v. *Lind,* 370 Ill. 131. In these cases it was held that the circumstances showed that the consent of the wife was not freely given but was the result of implied coercion brought about by the presence of the police officers. In both of these cases there was a conflict in the testimony as to whether the wife in fact consented. The defendant points out that there is such a conflict in the present case and argues that because of this conflict in the testimony this case should be covered by *Lind* and *Amos* rather than *Shambley* and *Perroni,* for in the latter cases there was no conflict in the testimony as to the consent. This argument would have the effect of taking from the trial judge the right to pass upon the credibility of the testimony and would require us to hold that in the event of a conflict in the testimony as to whether consent was given we must decide that the consent was not freely given. Such a contention is similar to that

advanced by the defendant in *People* v. *Byrd,* 21 Ill.2d 114 where it was argued that if there be any evidence that a confession is involuntary, the confession must not be admitted in evidence. We rejected that contention in the case and we reject defendant's contention herein. The question of whether consent was in fact given is a factual matter to be determined by the trial court and where the evidence is conflicting this court will accept the finding of the trial court unless it is clearly unreasonable. (*People* v. *Peterson,* 17 Ill.2d 513.) In the present case the trial judge made an express finding that he did not believe Mrs. Speice's testimony except insofar as it was corroborated by other witnesses. In view of the express finding by the trial judge, we are of the opinion that the evidence at the hearing was sufficient to show that the wife's consent was freely given. The trial court properly denied the motion to suppress.

Defendant's contention that the trial court erred in failing to hold a hearing to determine the voluntary nature of an alleged confession is based upon the following facts: A police officer testified that when the defendant was questioned following his arrest he was asked where he got the articles which were found in the apartment and the defendant replied that he obtained them from a fellow at Western and Irving Park Boulevard. He was asked whether he knew that they were stolen and the defendant replied that he knew they were stolen because he had got them from a thief. Defendant's counsel objected to all of the foregoing testimony on the ground that no proper foundation had been laid. The State contends that this general objection was insufficient to call for a hearing outside the presence of the jury to determine the voluntary nature of the confession. We do not find it necessary to decide that question because it is our opinion that it is clear that the statement made by the defendant was not a confession. The defendant was charged with the crime of burglary. His statement that he obtained the articles from a thief is more in the nature

of an exculpatory statement. It might be an admission that defendant was guilty of the crime of receiving stolen property but it was inconsistent with his guilt of the crime of burglary. A trial court is required to hold a hearing only in the case where the defendant's statement amounts to a confession, and where the statement is a mere admission or an exculpatory statement no preliminary hearing is required. *People* v. *Stanton,* 16 Ill.2d 459.

The defendant's third contention is that the trial court improperly restricted the defendant's cross-examination of a prosecution witness. After the police officer had testified on direct examination that the defendant had stated that he knew the articles were stolen because he got them from a thief, defendant's counsel on cross-examination asked the officer whether the defendant had ever told him that he did not know that the articles were stolen. The officer replied that defendant never made such a statement. Defense counsel then questioned the officer about a written statement which was made by the defendant in the presence of the officer. The officer testified that the defendant did sign a written statement. When defense counsel inquired of the officer whether in that written statement the defendant denied knowledge that the goods were stolen, the prosecutor objected and the trial court sustained the objection, apparently on the ground that it was not proper impeachment. Further efforts by defense counsel to read from the written statement were prevented by the trial court. On further cross-examination of this witness he was again asked whether the defendant denied knowledge that the articles were stolen. The officer replied, "Not at that time." He was then asked whether the defendant made such a denial at another time and the officer replied that the defendant had denied such knowledge when the written statement was taken. The court sustained objections to questions asking whether or not this testimony of the officer was contradictory to his former testimony. We are of the opinion

that the trial court should have permitted defense counsel to attempt to impeach the officer by reading from the written statement made by the defendant, for the fact that the defendant in his written statement denied knowledge that the articles were stolen was in conflict with the officer's testimony that the defendant never denied such knowledge. However, the cross-examination ultimately developed the fact that the defendant denied such knowledge in his written statement and since this fact was brought out by cross-examination, we are of the opinion that the defendant was not prejudiced by the refusal of the trial judge to permit inquiries as to the contents of the written statement. The objections to questions as to whether the witness had contradicted himself were properly sustained since the questions were argumentative and invaded the province of the jury.

This leaves for consideration the contention that the trial court erred in permitting evidence of another crime. This contention is based upon the fact that the officers testified that they found some welding equipment in the defendant's apartment. The indictment charged the burglary of a store and the theft of three piano-organs and a television set and defendant contends that reference to the welding equipment constituted evidence of another crime, which was prejudicial to the defendant. It was necessary for the officers to relate the circumstances of the search and the reference to the welding equipment, along with the articles which were taken in the burglary for which defendant was on trial, was not prejudicial error. Cf. *People* v. *Tomaszewski*, 406 Ill. 346.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*