(No. 37307.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK DAMPHER, Plaintiff in Error.

*Opinion filed May 27, 1963.*

Donald X. Murphy, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and William J. Martin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

The defendant, Jack Dampher, was convicted of murder after a bench trial in the criminal court of Cook County, and was sentenced to forty years in the penitentiary. He prosecutes this writ of error to review his conviction.

He first contends that he was deprived of his constitutional right to a public trial because the testimony for the defense was heard in chambers while a jury in another case was being selected in the courtroom. There was no objection to this procedure. In defendant's post-conviction hearing there was an inquiry into the circumstances of which the defendant now complains. His post-conviction petition was denied by the trial court and this court denied a writ of error to review that judgment. (*People* v. *Dampher,* Memorandum Order No. 1864.) The matter has been adjudicated. *People* v. *Byrd,* 21 Ill.2d 114; *People* v. *Lewis,* 2 Ill.2d 328.

Defendant further contends that he was not proved guilty beyond a reasonable doubt and that the State did not show that the killing was done with malice aforethought.

On the evening on which the alleged murder occurred, the defendant, the deceased, and several others were in a room in the building in which the defendant and most of the others lived. There was a disagreement between the deceased and the defendant, and the defendant left the room. Five or ten minutes later the deceased also left the room. The defendant testified that the deceased attacked him with a knife in the hallway, and that in self-defense he struck deceased three or four times with a lead pipe. The struggle was heard by those who remained in the room, but there were no eyewitnesses to the occurrence.

It was stipulated at the trial that the cause of death "was due to skull fracture, with cerebral lacerations due to external violence." There was also testimony at the trial that contradicted the defendant's claim of self-defense. A police officer testified that no knife was found at the scene of the crime although a search was made. No other witness saw a knife. The defendant threw the pipe that he used out of the window before he returned to the room where the others were. One witness testified that immediately upon his return to that room, the defendant said: "I done killed him * * *. Let him stay there and die out in the hall. I got another one and want to kill him too." Two other witnesses testified to similar statements of defendant. A witness testified that while defendant and the other witnesses were in custody, the defendant said to the others: "If you are not on my side, I will kill all of you."

The malice which is an essential element of the crime of murder may be express or implied. Malice will be implied if, at the instant of the assault, the accused is actuated by a wanton and reckless disregard of human life. (*People v. Jordan,* 18 Ill.2d 489, 494.) In the case at bar, defendant testified that he struck the deceased "three or four times"

with a lead pipe. Other witnesses testified that after the assault defendant said: "'I wish I hit him one more lick;'" and "Leave him lay out there. I am going to call my boss and going to bed and let him stay there and die out in the hall." This testimony clearly manifested defendant's wanton disregard of human life. We are of the opinion that the defendant's guilt was proved beyond a reasonable doubt.

The judgment of the criminal court of Cook County is affirmed.