**People of the State of Illinois, Plaintiff in Error, v. Robert E. Harvey, Defendant in Error.**

Gen. No. 49,479.

First District, First Division.

May 4, 1964.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for plaintiff in error.

Marshall Patner, of Chicago, for defendant in error.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant was indicted for burglary and theft. He made motion to suppress certain checks which he alleged were obtained from an illegal search and seizure of his home. The court sustained the motion to suppress. The People appeal from this order.

The defendant filed a motion to dismiss this appeal and to quash service upon him by publication. The motion was taken with the case. In People v.

Kopman, 358 Ill 479, 193 NE 516 (1934) the court ruled upon a similar motion with respect to service by publication in an appeal from an order quashing an indictment. Since that decision, the statute (ch 38, div 13, § 747) was amended to allow the State to appeal from an order suppressing evidence. We adopt the reasoning in the Kopman case in deciding this motion. The defendant has left the jurisdiction so that personal service cannot be had upon him. Unless he can be served by publication his voluntary absence from the jurisdiction of the reviewing court would render the statute inoperative. The motion is denied.

█ In support of defendant's motion to suppress, his wife, Doreen, testified that she lived at 8718 S. Harlem Ave. in Bridgeview, Illinois, a municipality adjoining the City of Chicago. She occupied the home with her husband. On November 27, 1962 at 11:00 p. m., Chicago police detectives Robert Gaides and Thomas Cunningham, in plain clothes, came to her home. They told her that her husband had been picked up for suspected burglary and that they would like to come in and search the house. They asked her if they needed a warrant to search the house and she said "no." She testified that she had no reason not to let them in. She further testified that something was said about her husband having admitted to the gas station attendant that he had burglarized the place but that she would have let the detectives in regardless of that statement. The officers found two checks in the pantry under a frying pan, while she was there. She further said she told them: "It's perfectly all right, come on in," and that she consented to the search. It was voluntary. The officers then wrote out a note which she signed, and which read as follows:

"I give my permission to Detective R. Gaides No. 111226, Detective Thomas Cunningham, No. 11839 of D.D.A-3 Burglary, to search my home for the purpose of finding any checks or keys that were taken in the burglary of John's Enco gas station— 7749 S. Cicero. Two checks found at home taken in burglary.

Nov. 26, 1962

Doreen Harvey
8718 S. Harlem Ave."

Officer Gaides testified that defendant was arrested at about 3 p. m. and taken to the police station where he gave his home address; that about 10:30 or 11 p. m. he and Cunningham proceeded to the home, without warrant. He had Mrs. Harvey sign the document which he had written out. He further stated that they told Mrs. Harvey that the gas station attendant stated that her husband had burglarized the station.

Upon this evidence the court suppressed the two checks.

The trial court did not state any reasons for its ruling, but requested both sides to submit briefs and then entered its order. From the People's brief it is indicated that defendant claimed the search and seizure was unlawful because it was made without warrant, beyond the territorial limits of Chicago and without his consent or that of his wife. Defendant's brief charges that the consent of the wife was not free and voluntary but was obtained by implied coercion or "other illegal police action." Defendant further contends that although the "waiver rule" has been adopted in Illinois, it should be abolished.

The parties admit that it is an established rule in Illinois "that where two persons have equal rights to the use and occupancy of premises, either may give

consent to a search and the evidence thus disclosed can be used against either." People v. Palmer, 26 Ill2d 464, 470, 187 NE2d 236 (1962). Since the decision in People v. Shambley, 4 Ill2d 38, 122 NE2d 172 (1954), our Supreme Court has consistently held to the rule. People v. Perroni, 14 Ill2d 581, 153 NE2d 578 (1958); People v. Speice, 23 Ill2d 40, 177 NE2d 233 (1961).

In the Shambley and Perroni cases the Supreme Court thoroughly reviewed the authorities and specifically laid down this rule of waiver. In the subsequent cases of Speice and Palmer the Supreme Court adhered to and emphasized their previous holding with respect to consent. We see no reason or justification for not applying that statement of the law here.

■ Defendant next argues that the consent of the wife was not freely given but was the result of implied coercion on the part of the officers. There could be no stronger evidence of free and voluntary consent by the wife than the fact that Mrs. Harvey stated in open court that the officers did not need a search warrant to enter the home; that she would allow them to enter even if they had told her that her husband had not admitted the crime; that she had no reason not to admit them and that she said "No, it's perfectly all right, come on in." She further stated that she voluntarily consented to the search.

■ ■ Defendant's contention that the police officers of the City of Chicago had no authority or right to go beyond the limits of the City into the Village of Bridgeview to carry on their investigation, seems to us to be without merit. The Municipal Code of 1961, Ch 24, Ill Rev Stat 1963, provides:

"Section 7–4–7 Police District. The territory which is embraced within the corporate limits of adjoining municipalities within any county in this State shall be a police district.

265

"Section 7–4–8 Powers of Police Throughout the District. The police of any municipality in such a police district may go into any part of the district to suppress a riot, to preserve the peace, and to protect the lives, rights and property of citizens. For these purposes the mayor of any municipality, in the district and the chiefs of police therein, shall use the police forces under their control anywhere in the district."

We take judicial notice that Chicago and Bridgeview are in the same county (Cook). The officers were investigating the commission of a crime and had the power to seek the fruits of the crime especially where their actions and conduct, as shown here, were open and sincere. It was within their powers to seek and protect the property taken in the commission of a crime. We need not examine the rights a private citizen might have under the same circumstances although the People here contend that any citizen could have acted as the police officers did in this case.

Defendant argues that the officers left Chicago without permission and in violation of Police Department rules. We find no evidence to this effect. Therefore, the order of the lower court suppressing the evidence is hereby set aside and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.