(No. 38908.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARVIN HOLLAND, Plaintiff in Error.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

JOHN L. SNYDER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and WILLIAM H. SNIVELY, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Marvin Holland seeks review of a 1951 murder conviction in the circuit court of Winnebago County. He was found guilty after trial by jury and sentenced to 99 years in the penitentiary. He contends the court erred in failing to exclude a confession alleged to have been coerced, and in failing to exclude certain testimony referring to the victim's widow and five children.

It is contended that the issue presented with respect to the confession presents a constitutional question which gives us jurisdiction to review the judgment of conviction.

It appears from a supplemental record filed by the State with leave of court that the defendant has previously sought relief from his conviction by means of petitions under the Post-Conviction Hearing Act. In 1952, represented by appointed counsel, he filed such a petition in the trial court, in which he alleged, *inter alia,* that he had been illegally arrested and held incommunicado without the right to contact counsel, that he was subjected to physical abuse and intimi-

dation and denied food and rest, and that he was coerced into signing a confession. The petition was dismissed without an evidentiary hearing and defendant did not seek to review the judgment of dismissal. In 1956, represented by counsel of his choice, he filed a similar petition, incorporating by reference all of the allegations of the 1952 petition. This petition was likewise dismissed and again the defendant did not petition this court for a review of the judgment of dismissal.

The prior denials of the post-conviction petitions are *res judicata* of all claims raised therein and of all constitutional claims which could have been raised and the constitutional claim now advanced cannot be considered on this writ of error, (*People* v. *Dampher,* 28 Ill.2d 136). There is therefore no basis for direct review by this court and the cause is transferred to the Appellate Court for the Second District for consideration of the remaining issue. See *People* v. *Triplett,* No. 38752, decided this term.

*Cause transferred.*