(No. 38752.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLARD LAVERNE TRIPLETT, Plaintiff in Error.

*Opinion filed September 28, 1965.*

THOMSON, THOMSON & MIRZA, of Bloomington, (JEROME MIRZA, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and JOHN W. NIELSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

In 1956 a Winnebago County jury trial resulted in the conviction of Willard LaVerne Triplett on a charge of murdering his brother. Defendant was sentenced to life imprisonment. The case is now before us on writ of error to review the original judgment of conviction. A previous writ of error for the same purpose, commenced in 1959, was apparently abandoned in favor of post-conviction proceedings in the trial court.

In 1961, defendant's petition under the Post-Conviction

Hearing Act (Ill. Rev. Stat. 1961, chap. 38, pars. 826—832) was dismissed by the circuit court as insufficient to necessitate a hearing, and this court denied a writ of error to review that judgment. (*People* v. *Triplett,* Memorandum Order 3307.) As a consequence, all constitutional questions sought to be posed here are barred (*People* v. *Lewis, 2* Ill.2d 328, 330; followed in *Merkie* v. *People,* 15 Ill.2d 539; *People* v. *Byrd,* 21 Ill.2d 114, 115; *People* v. *Powers, 22* Ill.2d 174, 175; *People* v. *Dampher,* 28 Ill.2d 136, 137), and no basis exists warranting initial eview by this court.

We are mindful that an earlier motion by the State to transfer the cause was denied, but further examination of the jurisdictional situation compels the conclusion that this disposition of the motion was improvident. Accordingly, and for the foregoing reasons, the cause is transferred to the Appellate Court for the Second District for a determination of the remaining nonconstitutional questions.

*Cause transferred.*