The People of the State of Illinois, Defendant in Error, v. Willard LaVerne Triplett, Plaintiff in Error.

Gen. No. 65–125.

Second District.
December 30, 1965.
Rehearing denied January 21, 1966.

Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for plaintiff in error.

William G. Clark, Attorney General, of Springfield (William R. Nash, State's Attorney, of Rockford, Fred G. Leach, Assistant Attorney General, and John W. Nielsen, Assistant State's Attorney, of counsel), for defendant in error.

MR. JUSTICE DAVIS delivered the opinion of the court.

Defendant, whom a Winnebago County jury found guilty of the murder of his brother, Donald Edward Triplett, sued out a writ of error in the Supreme Court to review the original judgment of conviction whereunder he was sentenced to life imprisonment. He had abandoned a prior writ of error in that court, apparently in favor of a post-conviction proceeding in the trial court. Defendant's 1961 petition under the Post-Conviction Hearing Act (Ill Rev Stats 1961, c 38, pars 826–832) was dismissed by the Circuit Court as insufficient to require a hearing, and the Supreme Court denied a writ of error to review that judgment (People v. Triplett, Memorandum Order 3307). See 33 Ill2d 155, 210 NE2d 522.

In considering the effect of the denial of said writ of error and in transferring the cause to this court, the Supreme Court stated at page 156:

". . . As a consequence, all constitutional questions sought to be posed here are barred (People v. Lewis, 2 Ill2d 328, 330; followed in Merkie v. People, 15 Ill2d 539; People v. Byrd, 21 Ill2d 114, 115; People v. Powers, 22 Ill2d 174, 175; People v. Dampher, 28 Ill2d 136, 137), and no basis exists warranting initial review by this court.

"We are mindful that an earlier motion by the State to transfer the cause was denied, but further

examination of the jurisdictional situation compels the conclusion that this disposition of the motion was improvident. Accordingly, and for the foregoing reasons, the cause is transferred to the Appellate Court for the Second District for a determination of the remaining nonconstitutional questions."

Subsequently, in the case of The People v. Holland, 33 Ill2d 246, 211 NE2d 265, in discussing the effect of the dismissal of 1952 and 1956 Post-Conviction Hearing Act petitions, the court stated at page 248:

"The petition was dismissed without an evidentiary hearing and defendant did not seek to review the judgment of dismissal. In 1956, represented by counsel of his choice, he filed a similar petition, incorporating by reference all of the allegations of the 1952 petition. This petition was likewise dismissed and again the defendant did not petition this court for a review of the judgment of dimissal.

"The prior denials of the post-conviction petitions are res judicata of all claims raised therein and of all constitutional claims which could have been raised and the constitutional claim now advanced cannot be considered on this writ of error, (People v. Dampher, 28 Ill2d 136). There is therefore no basis for direct review by this court and the cause is transferred to the Appellate Court for the Second District for consideration of the remaining issue. See People v. Triplett, No. 38752, decided this term."

It is apparent from the Triplett and Holland cases, that the Supreme Court regarded all constitutional questions posed in the Triplett case as barred, and left for our consideration the remaining nonconstitutional points raised in the review of the judgment of conviction.

These points are: (1) that the results of a polygraph or "lie detector" test are inadmissible in evidence and when

240

brought to the attention of the jury, are prejudicial and constitute reversible error; (2) that the exclusion of competent material evidence is reversible error where the verdict might have been different if such evidence had been admitted; and (3) that the accused may, and should be permitted to introduce evidence in rebuttal of that introduced by the prosecution. A consideration of these points does not require full reference to the facts in connection with this charge of murder. For brevity, only the essential facts pertaining to the alleged errors will be recited.

■■ The defendant filed a motion for new trial and a motion in arrest of judgment, but failed to assign in such post-trial motions any error with reference to his taking a polygraphic examination or the disclosure of the results thereof. Such failure constituted a waiver of this point. Where the grounds for a motion for new trial are stated in writing, as in the case at bar, a reviewing court is limited to a consideration of the errors alleged in the written motion and all others are deemed to have been waived. The People v. Baker, 8 Ill2d 522, 524, 134 NE2d 786 (1956).

The basic reasons underlying such rule are succinctly stated in The People v. Brand, 415 Ill 329, 114 NE2d 370 (1953) at page 337:

> "It is a rule of universal application that the reversal of a judgment cannot be urged upon a ground not submitted to the trial court and upon which it did not and was not asked to decide. Cummings v. People, 211 Ill 392."

The remaining errors charged by the defendant pertain to the exclusion of evidence which the defendant contends was competent. During the trial of this case, Deputies Ferona and Iasparro, while testifying in rebuttal for the prosecution were asked in cross-examination whether they told the defendant that he was too drunk to re-

241

member what had happened on the morning of September 7. Particularly, they were asked whether these statements were made to the defendant in the interrogation room in the County Jail and while in the presence of personnel from the local television station. Both witnesses categorically denied making such statements.

Defendant called a witness in surrebuttal to prove that both Ferona and Iasparro at said time and place had made such statement. The State objected to the questions asked of the witness in this respect on the ground that it was not proper surrebuttal evidence. The court sustained the objection and commented that the alleged statement was not in rebuttal of anything Ferona had said.

Defendant cites The People v. Heilemann, 362 Ill 322, 199 NE 792 (1936) as authority for the proposition that the above evidence was improperly excluded. However, that case is only authority for the rule that great latitude is allowed in proving intent where intent is an essential element of the crime charged. It is not authority for the proposition that a witness may be impeached on immaterial or collateral matters.

■ The test of admissibility of evidence in connection with the crime charged is whether the offered testimony tends directly to show that the accused is guilty of the crime. Any circumstance may be put in evidence which may tend to make the proposition at issue appear more or less probable. However, if the evidence under consideration would tend to raise collateral issues and thus confuse the jury, rather than assist it, in reaching a proper verdict on the merits of the case, the evidence should be denied. The People v. Strause, 290 Ill 259, 290, 291, 125 NE 339 (1919).

■ ■ The test of collateralness is: could the fact for which the testimony is offered in contradiction have been shown in evidence for any purpose independently of this contradiction. The People v. Pfanschmidt, 262

242

Ill 411, 462, 463, 104 NE 804 (1914). The question of whether deputies Ferona and Iasparro told the defendant that he was too drunk to remember what happened on the morning of September 7 is of itself collateral to the issue before the court, namely: was the defendant guilty of the murder of his brother as charged in the indictment. The court properly ruled that such surrebuttal testimony was inadmissible. This question was not in issue. Dalton v. The People, 224 Ill 333, 336, 337, 79 NE 669 (1906).

If drunkenness were to be raised by the defendant as a defense to negative the existence of intent to kill the decedent, it could not be raised by surrebuttal evidence which was purely hearsay in nature. Such evidence, if any, should have been offered by defendant, or a witness on his behalf, as direct testimony in the presentation of his defense, and not in surrebuttal to impeach or contradict the testimony of witnesses for the State.

In the case at bar, the defendant did not urge intoxication as a defense to the charge of murder against him. Consequently, it would have been error to permit the State to introduce evidence to prove that defendant was so intoxicated that he could not entertain the required intent to commit murder. In Addison v. The People, 193 Ill 405, 62 NE 235 (1901), at pages 409 and 410, the court, in discussing such circumstance, stated:

> "Voluntary intoxication furnishes no excuse for crime. (Crim Code, div 2, sec 19.) The law holds men responsible for the natural consequences of their acts, and if all the elements of a crime are present it is no defense that the accused was voluntarily drunk. But if a crime is of such a nature that a particular intent is a necessary ingredient, and no crime is committed unless an act is done with that intent, a defendant may meet the charge of a crime by showing that he was intoxicated to such a degree

243

as to be incapable of forming or entertaining that intent, and neither then nor afterward yielded it the sanction of his will. (Bishop on Crim Law, sec 413; Bartholomew v. People, 104 Ill 601.) Such proof is to show that an indispensable element of the crime was wanting. In this case the crime alleged consists of an assault with intent to commit the crime of rape. There must be an attempt joined with that specific intent, and the intent is a necessary ingredient of the crime. The defendant made no claim that he was incapable of forming any intent that his acts may have manifested, and made no defense on the ground of drunkenness. The People were called upon to prove the assault and the intent as matters of fact, and it was in making their proof that they were permitted to introduce the evidence that defendant had been drinking, was intoxicated and treated the boy. These facts had no tendency to prove either the assault or the intent with which it was made. If the drinking was to excess, it might prove an intent to become intoxicated; but there is no ground for saying that the fact the defendant had formed an intent to get drunk (if such was the fact,) would tend to prove that he had also formed an intent to commit the crime of rape.

"As a general rule, where a party is on trial upon a criminal charge, proof of his misconduct not connected with the charge upon which he is being tried should not be admitted, as such evidence is likely to prejudice the jury against the defendant and cause them to lose sight of the issues which they have been sworn to try."

In addition, the defendant urges that since the trial court did not admit this surrebuttal testimony in evidence, the jury found the defendant guilty of murder. Such contention is a nonsequitur and does not require answer

due to our finding that the evidence was properly excluded.

We find no error in the nonconstitutional questions raised in this appeal. Consequently, the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.