**People of the State of Illinois, Defendant in Error, v. Marvin Holland, Plaintiff in Error.**

**Gen. No. 65–146.**

Second District.

October 18, 1966.

■■■

John L. Snyder, of Chicago, for plaintiff in error.

William G. Clark, Attorney General of the State of Illinois, of Springfield, William R. Nash, State's Attorney, and William H. Snively, Assistant State's Attorney, of Rockford, for defendant in error.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, Marvin Holland, was convicted of murder on October 26, 1951, in the Circuit Court of Winnebago County and was sentenced to the penitentiary for a term of 99 years. The trial was before a jury and, among other evidence, a written confession was introduced into evidence.

On September 23, 1952, defendant filed a petition under the Post-Trial Conviction Hearings Act in the trial court, in which he alleged that he had been illegally arrested and held incommunicado without the right to contact counsel, that he was subjected to physical abuse and that he was coerced into signing the confession. The petition was dismissed without evidentiary hearing and defendant did not seek to review the judgment of dismissal. At that hearing defendant was represented by court appointed counsel.

In 1956, while represented by counsel of his choice, he filed a similar petition incorporating by reference all of the allegations of the 1952 petition. This petition was likewise dismissed. Again, defendant did not seek a review of the judgment of dismissal.

461

The instant petition for writ of error to the Circuit Court of Winnebago County was filed with the Supreme Court in November of 1964. In this action the defendant raised the constitutional claim of a coerced confession. In addition, he contended that the original trial court erred in failing to exclude certain testimony referring to the victim's widow and five children, and that further error was committed at the hearing on the admissibility of the confession, in that a material witness to the confession was not called to testify, nor was his absence explained. On September 28, 1965, in 33 Ill2d 246, 211 NE2d 265, at page 248, the supreme court in its opinion in this case, stated:

> "The prior denials of the post-conviction petitions are res judicata of all claims raised therein and of all constitutional claims which could have been raised and the constitutional claim now advanced cannot be considered on this writ of error, . . ."

The court thereupon transferred the cause to this court for consideration of the remaining issue.

The contention of the defendant is that the court erred in overruling objections to the testimony of the chief of police that the victim left a wife and five children.

At the trial of this case the Chief of Police of the City of Rockford testified that after the confession was secured, he and other officers took the defendant out to various places which were material to substantiating the facts recited in the confession. While being questioned as to those events, the chief stated that at one of the places visited the following occurred:

> "Defendant said he wished he could beat this rap. I said, 'Marvin,' I said, 'You realize the fact that you killed a man. This man left a wife and five children.' "

> "Mr. Weston: I object to that, if the court please."

462

"The Court:    Motion denied."

"The Witness:   (continuing)   'That you left a widow and five children.' "

"Mr. Weston:   I object and move the answer be stricken."

"The Court:   Objection overruled. That is what he said to the defendant."

"Mr. Canfield:   You may proceed."

"The Witness:   'That you have left a widow and five children to look after. Don't you think you should have some punishment?' He said, 'Yes, but I'm afraid of the electric chair. I wouldn't mind if I got life in the penitentiary.' We got the clothes and went back to the police station."

This testimony was not in response to an inquiry by the State's Attorney, but was interjected in a lengthy answer to a question relative to the occurrences of that day. There is nothing in the record to show that the State's Attorney at any time in his argument sought to prejudice the jury by making reference to the widow and children of the victim. Defendant cites numerous cases in support of his contention that the above quoted reference to the victim's widow and children is prejudicial error and requires a new trial. Among these cases are Filippo v. The People, 224 Ill 212, 79 NE 609 (1906) ; The People v. McMahon, 244 Ill 45, 55-58, 91 NE 104 (1910) ; The People v. Bernette, 30 Ill2d 359, 371, 372, 197 NE2d 436 (1964), and other cases. In all of these cases it appears that the evidence as to the family of the victim was introduced as evidence independent of any other admissible evidence and in each of the cases the court on appeal found that the purposes of introducing the evidence was solely to prejudice the jury. In all of the cases cited by the defendant, the decisions disclose

463

that there were additional errors of more substantial nature involved.

Under the circumstances of this case, we do not find that the volunteered and inadvertent reference here made to the victim's family deprived the defendant of a fair trial, nor did it constitute prejudicial error. The People v. Brown, 30 Ill2d 297, 302, 303, 196 NE2d 664 (1964). For the reasons given, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.