The People of the State of Illinois, Plaintiff-Appellee, *v.* James Jones, Defendant-Appellant.

(No. 56020;

First District—December 27, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, James Jones, was found guilty in a bench trial of unlawful sale of narcotic drugs. The trial court sentenced the defendant to 10 to 25 years in the Illinois State Penitentiary. On appeal defendant contends:

(1) That he was not proven guilty beyond a reasonable doubt;

(2) That he was denied an opportunity to present evidence of mitigation; and

(3) That the penalty provisions of the Illinois Controlled Substances Act are applicable to the offense he allegedly committed.

Anthony Zuniga, an undercover police officer and prosecution witness, testified that on October 5, 1970, in the vicinity of 2110 West Madison St., he purchased two packets of heroin from the defendant. Zuniga was the only witness to the alleged purchase. Defendant allegedly sold the heroin for two ten-dollar bills which were not marked or dusted. Although a field test was conducted right after the sale to determine if the purchased substance was heroin, no arrest was made until two months later. The prosecution offered no explanation for the delay between the alleged sale of heroin and the arrest. Zuniga did not file a police report

388

on the alleged sale of heroin and had nothing to do with securing defendant's arrest warrant. Zuniga's further testimony revealed that he was unclear about other events which occurred before and after the purchase on October 5, 1970.

Defendant's first contention is that he was not proven guilty beyond a reasonable doubt. It is well established that we will not disturb the findings of the trier of fact and substitute our own conclusions unless the proof is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. After a careful examination of the record, we cannot say that the conclusion of the trial court was warranted.

Officer Zuniga was the only witness to the alleged sale of heroin by the defendant. Zuniga's testimony was uncorroborated. The purchase money was neither marked nor dusted. Defendant was not arrested until two months after the alleged sale. Prosecution stated no reason for the delay in arresting the defendant. A field test was conducted immediately after the alleged sale of heroin to determine if the substance was heroin, however, when it was determined that the purchased substance was heroin, the police officers waited two months before they arrested the defendant. Officer Zuniga's testimony revealed that he had no recollection of events, such as other drug purchases, which occurred prior to and after the alleged purchase of heroin from the defendant.

The decision of the trial court must thus be reversed. We therefore find it unnecessary to go into defendant's other contentions on appeal.

Judgment reversed.

DIERINGER, P. J., and BURMAN, J., concur.