THE. PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE BERMUNDEZ, Defendant-Appellant.

(No. 61123;

First District (1st Division)—September 2, 1975.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM (Before Burke, P. J., Egan and Simon, JJ.):

The petitioner, Jose Bermundez, was found guilty after a bench trial of the crime of unlawful sale of a narcotic drug. He was sentenced to a term of 1 to 3 years. On February 21, 1973, petitioner filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) to vacate the judgment and sentence. On March 29, 1974, after an evidentiary hearing at which petitioner was present, the court denied the petition.

The public defender of Cook County was appointed to represent petitioner on appeal and has filed a motion in this court for leave to withdraw as appellate counsel. The motion is supported by a brief pursuant to the requirements set out in *Anders v. California* (1967), 386 U.S. 738. The only issue suggested by counsel was that the trial court erred in denying the relief requested in the petition. Petitioner's only allegation in his section 72 petition was that the testimony of Officer Zuniga at his trial was perjured.

At petitioner's trial, Officer Zuniga and Officer McKelvy testified that on October 5, 1970, at approximately 1:50 p.m., pursuant to a call from an informant, Officers Zuniga, Brown, McKelvy and Dura went to a restaurant located at Damen and Division Streets in Chicago. After a conversation with the informant, Officer Zuniga and the informant proceeded to petitioner's apartment, arriving at approximately 2:20 p.m. There, the officer purchased a quantity of narcotics from the petitioner. He then went back to the restaurant where he joined the other officers and where the substance was field tested. The officers returned to the 11th Street police station.

In support of his contention that the officers had perjured themselves, petitioner attached a transcript of the trial of one James Jones. At that trial, Officers Zuniga and Dura testified that on October 5, 1970, at approximately 1:30 p.m., Officer Zuniga purchased a quantity of narcotics from James Jones in the 2100 block of West Madison Street. After the purchase, Zuniga and the other officers returned to the station. The petitioner submitted a copy of the appellate court decision reversing the conviction of Jones on the basis that the evidence was insufficient to establish his guilt beyond a reasonable doubt. *People v. Jones* (1972), 9 Ill.App.3d 387, 292 N.E.2d 435.

The petitioner also attached as an exhibit a copy of this court's decision reversing the conviction of Raymond Burlinski. (*People v. Burlinski* (1972), 8 Ill.App.3d 800, 291 N.E.2d 339.) In that case, this court reversed the aggravated battery conviction of the defendant because the inconsistencies and contradictions in the testimony of Officers Brown, Dura and McKelvey raised reasonable doubt as to the defendant's guilt.

At the hearing on the section 72 petition, petitioner presented no further evidence, relying upon the petition and attached exhibits. The State called Officer Zuniga who testified that he purchased narcotics from the petitioner on October 5, 1970. On that date, at approximately 12:30 p.m., he met his partners, Officers Brown, McKelvy and Dura, at the police station. They proceeded to the corner of Jackson and Leavitt Streets. Officer Zuniga proceeded without his partners to the 2100 block

of West Madison Street where he purchased narcotics from James Jones. That sale took only several minutes. Officer Zuniga rejoined his partners at Jackson and Leavitt Streets and then returned to the station with them at approximately 1:40 p.m. to fill out reports.

Pursuant to a call from an informant who called a short time after they returned to the station, Officer Zuniga and the other officers went to a restaurant at Damen and Division Streets. Officer Zuniga and the informant then went to petitioner's apartment at 1028 N. Winchester in Chicago where Officer Zuniga purchased an amount of narcotics from petitioner. Officer Zuniga then returned to the restaurant where his partners had remained during the sale, and with them went back to the station.

Officer Bernard Brown testified that he was a squad leader of the narcotics unit composed of Officers McKelvey, Dura and Zuniga. He testified that on October 5, 1970, he took part in two narcotics transactions. At approximately 1:30 p.m., Officer Zuniga purchased narcotics from James Jones in the 2100 block of West Madison Street, Officer Brown took custody of these narcotics, and the unit returned to the station. After returning to the station, Officer Zuniga received a call from an informant, and the officers then proceeded to the above-mentioned restaurant, arriving at approximately 2:05 p.m. Officer Zuniga left with the informant and later returned with a package of narcotics.

■■ A petition under section 72 of the Civil Practice Act is the proper procedure for obtaining relief from a judgment based upon perjured testimony. (*People v. Jennings* (1971), 48 Ill.2d 295, 269 N.E.2d 474.) The petitioner, however, must show that the perjured testimony was such that it would warrant relief from the judgment by clear and convincing evidence. (See *People v. Lewis* (1954), 2 Ill.2d 328, 118 N.E.2d 259.) The credibility of the witnesses who testify must also be considered by the trial court in determining whether the petitioner established his right to the relief requested. (*People v. De Mario* (1969), 112 Ill.App.2d 420, 251 N.E.2d 274.) As in other cases tried by the court without a jury, the credibility of the witnesses is a matter for the trial judge to determine and unless something appears to show that the determination by the trial judge was manifestly erroneous, his decision will be upheld. *People v. Bracey* (1972), 51 Ill.2d 514, 283 N.E.2d 685.

■■ In this case the circuit court in denying the petition found that Officer Zuniga had testified truthfully to the best of his recollection. After a complete review of the record, we are convinced that the facts support the findings of the circuit court with respect to the credibility of the witnesses. Both Officer Zuniga and Officer Brown testified in detail as

to their movements and the sequence of the two sales on that date. All of the officers consistently testified that both sales were made on October 5, 1970, between 1 p.m. and 2:30 p.m. There is a slight variance in the time of the activities to which each officer testified, but these variations do not establish that the officers committed perjury. After a complete review of the record we cannot say the circuit court's determination was erroneous. We agree with the public defender that this issue is frivolous.

Our review of the record has not disclosed any other grounds for appeal which are not totally frivolous. Accordingly, the motion of the public defender of Cook County to withdraw as counsel on appeal is allowed and the judgment of the circuit court is affirmed.

Motion allowed; judgment affirmed.