THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* J. W. TATUM, Petitioner-Appellant.

First District (4th Division)   No. 60580

Opinion filed March 10, 1976.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

In 1960, defendant, J. W. Tatum, was found guilty by a jury of the crime of rape and sentenced to 150 years in the Illinois State Penitentiary. The defendant filed a post-conviction petition in 1963, and counsel was appointed pursuant to defendant's request. On motion of the State, the petition was dismissed. No appeal was taken.

On June 15, 1972, defendant filed a second petition for post-conviction relief. Counsel was again appointed, and a supplemental petition was filed. It alleged that the defendant's constitutional rights had been violated because the sentence constituted cruel and unusual punishment, the defendant was physically incapable of committing a rape, and the

defendant was prejudiced by certain remarks made by the prosecuting attorney during closing argument. During the hearing on the State's motion to dismiss the petition and supplemental petition, the defendant raised for the first time the following argument: The defendant was denied "equal protection due to a racially motivated [excessive] sentence." On November 27, 1973, the State's motion to dismiss the petition was allowed, and the defendant has appealed.

■■■ A prior denial of a post-conviction petition is *res judicata* as to all claims raised therein and as to all constitutional claims which could have been raised. (*People v. Holland* (1965), 33 Ill. 2d 246, 211 N.E.2d 265.) In accord with this rule is the statutory requirement which provides: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Ill. Rev. Stat. 1971, ch. 38, par. 122—3.

This court has concluded that the Circuit Court of Cook County correctly allowed the motion to dismiss the petition and supplemental petition by application of *res judicata* and waiver principles. The order of dismissal is affirmed.

Order affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.