(No. 41527.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DAVIS McCRACKEN, Appellant.

*Opinion filed September 26, 1969.*

WARD, J., took no part.

JOHN M. BURKE, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Appellant, Davis McCracken, was convicted in a Cook County bench trial of burglarizing the apartment of Frank Stefan between the hours of 1:00 P.M. and 6:00 P.M., June 4, 1965. He was sentenced to 2 to 4 years imprisonment. His conviction was affirmed by the appellate court. (81 Ill. App. 2d 290.) In February, 1968, he filed a post-conviction petition which was dismissed on motion of the State alleging its failure to raise a constitutional issue. This appeal is from that judgment.

Summarily stated the factual statement in the appellate court opinion indicates two shotguns and a rifle, among other things, were taken from the Stefan apartment during the burglary. The guns were found later that day by Stefan in the basement laundry room, wrapped in a baby blanket from the apartment, and had apparently been hidden behind an old door which was leaning against the wall. A police officer and Stefan remained on watch in the basement until midnight when the officer left. Stefan, armed with a shotgun, continued on watch. About 1:30 A.M., according to Stefan, appellant entered the basement from the alley door and came through the boiler room into the laundry room. There, Stefan testified, appellant "went for that door, dodged the door and wanted to grab whatever is behind it. He went for the stuff." Appellant was then apprehended by Stefan and subsequently prosecuted as above indicated. Appellant in that trial denied entering the laundry room at all, testifying he walked in the alley door, down the steps and over to a corner where Stefan arrested him. It is apparent that the issue of credibility was resolved by the trial judge against appellant, and the appellate court opinion indicates

the issue on appeal was the sufficiency of the proof to establish guilt beyond a reasonable doubt.

The only constitutional issue sought to be raised by the post-conviction proceedings is whether the presumption of guilt arising in the mind of the trial judge from his disbelief of appellant's explanation of his presence in the basement (he testified he was in the neighborhood to see a girl and entered the basement to urinate) constituted a denial of due process. Appellant argues that there "is no rational connection between the facts proved and the ultimate facts presumed, inasmuch as the inference of the one from the proof of the other is arbitrary because of lack of connection between the two in common experience." Reliance is placed principally upon *United States* v. *Romano,* 382 U.S. 136, 15 L. Ed. 2d 210, 86 S. Ct. 279, and *Tot* v. *United States,* 319 U.S. 463, 87 L. Ed. 1519, 63 S. Ct. 1241, both of which deal with statutory provisions that proof of existence of specified factual situations shall be presumptive evidence of criminal offenses.

While we believe *Romano* and *Tot* clearly distinguishable in that the facts here, if Stefan's testimony is believed by the trier of fact, are scarcely compatible with any conclusion other than that appellant had committed the burglary and was returning for the loot, we prefer to place our decision on another ground.

As indicated by our early decisions following adoption of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 through 122—7), that Act was not intended as a means of retrying the question of appellant's innocence or guilt. (*People* v. *Dale,* 406 Ill. 238, 245; *People* v. *Jennings,* 411 Ill. 21, 26.) Neither was it intended to provide a method by which issues, which might have been raised on appeal but were not, might subsequently be presented in the absence of a showing that failure to raise them on appeal was due to counsel's incompetency or other cause beyond defendant's control. *People* v. *Agnello,* 35 Ill.2d 611,

613; *People* v. *Ashley,* 34 Ill.2d 402, 410; *People* v. *Hamby,* 32 Ill.2d 291, 294; *Ciucci* v. *People,* 21 Ill.2d 81, 85; *People* v. *Dolgin,* 6 Ill.2d 109, 111.

It is clear that the present case falls squarely within the category of those above in which we have held the alleged constitutional error waived by failure to raise it in the original trial and appeal. There is no intimation here that original trial or appellate counsel were derelict in their duty or that appellant was in any way prevented from there presenting the argument now advanced. The evidence is precisely the same. The evidence originally urged to be insufficient to establish guilt is now argued to be insufficient for a different reason—but nonetheless a reason which could have been argued just as effectively then as now.

The circuit court of Cook County properly dismissed the petition, and its judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.