(No. 42530.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ARTHUR W. MEYERS, Appellant.

*Opinion filed September 22, 1970.*

150

RICHARD L. COOPER, of Geneva, appointed by the court, for appellant.

WILLIAM R. KETCHAM, State's Attorney, of Elgin, (W. BEN MORGAN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Arthur W. Meyers, represented by appointed counsel, pleaded guilty to a charge of burglary in the circuit court of Kane County in May of 1967. Following a hearing in which his application for probation was denied, he was sentenced to a term of 5 to 10 years imprisonment. He subsequently filed a petition for relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), contending that he was denied the effective assistance of appointed counsel at trial, and that his plea of guilty was improperly induced by the State's Attorney's unfulfilled promise to recommend a sentence of 3 to 5 years. Relief was denied following an evidentiary hearing, and defendant appeals.

Sometime prior to defendant's plea of guilty, his wife contacted his appointed counsel to inquire about the possibility of a cause of action against the tavern in which defendant had been drinking heavily shortly before the burglary. The attorney told her that he would investigate the prospects, and informed her that his fee would be one-third of any sums recovered. He apprised defendant of the fact that he was looking into the possibilities of a dramshop

action for Mrs. Meyers, and that the amount of her recovery, if any, might depend upon the length of time she was deprived of his support by virtue of his imprisonment. He offered to withdraw from either case if defendant wished, but defendant requested him to continue in both matters. Mrs. Meyers was notified several months after defendant was sentenced that further investigation had shown the dramshop action to be without merit. On behalf of defendant, the appointed counsel negotiated with the State's Attorney and in exchange for a plea of guilty the State's Attorney promised to recommend a 3-to-5-year sentence, if the court requested a recommendation. Defendant was aware that the court would not be bound by such a recommendation, but, he testified, he nevertheless pleaded guilty on the strength of the agreement. Following denial of the application for probation, the court heard evidence in aggravation and mitigation, and, without asking for the State's recommendation, sentenced defendant to a term of 5 to 10 years. At the post-conviction hearing, the attorney who had represented defendant in the plea proceedings testified that he had expected a greater sentence than 3 to 5 years, in view of defendant's record. Yet, when asked why he made no effort to call the State's recommendation to the court's attention, he replied that he felt defendant's best interests were served by leaving the matter to the court's discretion.

It does not appear that the State's Attorney's promise was left unfulfilled, since he had agreed to make a recommendation only if requested by the court. Nor do we believe that the appointed counsel in the plea proceedings was motivated by anything other than defendant's best interests throughout. However, we deem it highly undesirable for appointed counsel to undertake potentially conflicting responsibilities, particularly when his potential fee interest weighs directly against defendant's interests. The conflict of interests here is even more direct than that in *People* v.

*Stoval,* 40 Ill.2d 109, where appointed counsel also represented the victim of defendant's burglary. In that case, it was at least a matter of some conjecture as to whether the attorney's loyalty would be divided simply by a subconscious deference to the presumed desires of the victim, a fee-paying client. Here, the appointed counsel conceivably stood to gain a contingent fee which would presumably increase in proportion to the length of defendant's sentence. We reversed the conviction in *Stoval* although the defendant knew of the conflict of interests, and had shown no prejudice. We can do no less here. As we observed in the *Stoval* case, it is difficult, if not impossible, to satisfactorily advise a defendant of the subtle effect which a conflict of interests may have upon an appointed counsel's representation. In this case, there is no indication that the appointed counsel ever undertook to explain to defendant the subconsciously compromising effect which the contingent fee prospects could conceivably have upon his counsel's efforts. Moreover, while certainly it is not a clear showing of prejudice, and is insufficient alone for reversal, we are, in the factual context here present, unable to conclude that defendant was not prejudiced by his counsel's failure to bring the State's recommendation to the court's attention prior to sentencing, particularly when counsel expected a sentence greater than that which he knew would have been suggested. This circumstance prompts an inquiry into counsel's motivation which ought never to be required.

It is our opinion that defendant's consent to the representation of appointed counsel was not shown to be based upon a full knowledge and understanding of the conflict of interests which existed, and consequently we reverse the judgment of the circuit court of Kane County which denied post-conviction relief. The cause is remanded with directions to vacate the judgment on the plea of guilty and permit withdrawal of the plea, if desired.

*Reversed and remanded, with directions.*