JUDITH LYNN PLACE, Plaintiff-Appellee, v. RONALD EUGENE PLACE, Defendant-Appellant.

(No. 70-106;

Second District—January 22, 1971.

Berry, Simmons & Coplan, of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from a judgment order striking his petition which had been brought under the provisions of Section 72 of the C.P.A. (Ill. Rev. Stat. 1967, ch. 110, par. 72). The petition, as filed, sought to vacate a supplemental decree for divorce entered on August 14th, 1969, and prayed for its re-entry as of a current date. The amended petition sought to reopen the entire cause.

The decree for divorce was entered on April 18th, 1969, after a trial, with questions of support, property rights and attorneys fees reserved for further hearing. The interlocutory decree did not contain requisite findings under Supreme Court Rule 304 to render it appealable. Defend-

ant's attempted appeal was dismissed in this court on November 17th, 1969.

On August 14th, 1969, a supplemental decree which adjudicated the reserved issues was entered after a full hearing. Defendant then moved the trial court to amend the original decree for divorce to comply *nunc pro tunc* with Supreme Court Rule 304, and appealed from the order of denial. We subsequently dismissed the appeal for the second time.

The defendant, meanwhile, had filed his Section 72 petition. Essentially this petition questions the proof required to establish mental cruelty and expresses the belief that defendant's rights have been jeopardized by his inability to appeal the cause. No apparent excuse for failing to appeal from the supplemental decree which became a final order on August 14th, 1969 is stated. The amendment to the petition adds the allegations that plaintiff has since married a man in whom she had professed no interest except as a friend and who corroborated her testimony at the trial that they had no improper relations; and states that a conspiracy existed between plaintiff and her present husband to fraudulently cause a divorce to be entered which deprived defendant of his marital and property rights.

Our review of the record leaves us with no doubt that the relationship between plaintiff and the man she subsequently married was thoroughly presented in a bitterly contested divorce hearing and further urged in a post trial motion in which purported admissions of plaintiff's misconduct during the marriage, alleged to have been made to defendant subsequent to the entry of the decree of divorce, were stated.

■■ We find that the defendant has not alleged a cause of action for relief under Section 72 and that the trial court properly dismissed his petition as amended. Defendant was not deprived of his right to present any fact or defense before the trial court. Defendant cannot rely on Section 72 to extend the time to appeal or as a substitute for failure to appeal. All of the matters complained of in the defendant's Section 72 petition were known to the trial court and were reviewable by appeal and such matters cannot now be reviewed under this petition. *Antczak v. Antczak* (1965), 61 Ill.App.2d 404, 413; *Scofield v. Kidera* (1967-Abst.) 89 Ill.App.2d 224.

■■ The defendant alleges in his amended petition that "the whole case of the plaintiff in the original action was based upon untruth". As a general rule errors of fact, such as the giving of false testimony or fraud which does not prevent a party from asserting a valid defense, cannot be reached by a petition under Section 72. While there may be extreme situations in which Section 72 offers a remedy to obtain relief from a judgment based on perjured testimony, a showing must be made that

petitioner has available evidence to prove the perjury that was not available and which could not by the exercise of reasonable diligence have been produced before the trial court. Here, the petition falls short of charging that the judgment was based upon perjured testimony. Even if we assume that the purport of the petition is to charge perjury, the mere charge of perjury is not sufficient to sustain the petition. There must also be a showing by clear and convincing evidence that the perjured testimony was willfully and purposely falsely given, that it was material to the issue tried, not merely cumulative, but to have probably controlled the result. Moreover, the petition must contain a showing that petitioner now has available evidence to prove perjury which was not available or which could not, by the exercise of reasonable diligence, have been produced at the trial. (*People v. Lewis* (1961), 22 Ill.2d 68, 72; *Kilbride v. Kilbride* (1965), 64 Ill.App.2d 355, 365, 366; *People v. De Mario* (1969), 112 Ill.App.2d 420, 424, 425.) Measured by these standards this petition failed to state a cause of action and was properly dismissed.

We have taken the motion to dismiss the appeal with the case. In view of our opinion we deny the motion to dismiss the appeal and affirm the judgment of the trial court which denied defendant's amended petition.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.