(No. 43325.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
RICHARD C. JENNINGS, Appellant.

*Opinion filed April 1, 1971.—Rehearing denied May 26, 1971.*

FRANKLIN M. LAZARUS and FRANCIS P. BUTLER, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Richard C. Jennings, was convicted of the offense of battery, a misdemeanor, in the circuit court of Cook County. He was granted probation for one year with the first 120 days to be served in the House of Correction. No appeal was taken from this judgment, but the defendant, with new counsel, filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), seeking to vacate his judgment of conviction. The court denied the petition, and the defendant filed a motion to vacate such denial, which was also denied. The defendant here contends that he was denied due process of law because the prosecution knowingly used perjured testimony. The State does not dispute that a constitutional question is presented, or that the appeal comes directly to this court under Supreme Court Rules 302(a)(2), 603, 651. Ill. Rev. Stat. 1969, ch. 110A, pars. 302(a)(2), 603, 651.

The defendant and his co-defendant, David Penn, were police officers of the city of Chicago, who at the time of this

occurrence were off duty and dressed in civilian clothing. Because of alleged traffic violations, they gave chase to the complaining witness, Salvatore Petramala, and apprehended him just as he reached the door of his father's apartment. The testimony indicated that the two officers physically abused Petramala to the extent that he suffered contusions and abrasions, and his clothing was ripped and partially torn off. Petramala's brother, father, and police officer Zaloschan were the primary witnesses to the occurrence. During the prosecution's case in chief, Officer Zaloschan was the only police officer to testify. He related that he was the first officer to arrive on the scene, and that he observed the defendant outside the door to the apartment building, holding the complaining witness with one hand and his police revolver in the other. He testified that the defendant was beating and kicking the complaining witness, and that he (Zaloschan) ordered him to stop at gun point, whereupon the defendant identified himself as a police officer. Officer Zaloschan made no report of the incident and apparently made no written memorandum concerning it.

Subsequent to his conviction, the defendant retained new counsel, who wrote to the Internal Inspections Division of the Chicago Police Department requesting information in regard to Officer Zaloschan's assigned duties and whereabouts on the evening in question. Counsel, in his letter, did not state that he was the attorney for the defendant on appeal, but stated in a rather vague manner that several members of the legal profession were interested in the appeal, and that they—"the interested attorneys"—were requesting the information. The Director of the Internal Inspections Division, by letter, refused counsel's request for information in that this matter was being litigated.

In his section 72 petition, the defendant alleged generally that there was evidence in the possession of the Inspections Division of the Chicago Police Department, that such evidence had been suppressed and would have been beneficial

to the defendant's defense had he been able to secure it, and that the judgment of conviction was procured "as a result of suppression of evidence or by fraud," and, was, therefore, invalid. He attached copies of the letters heretofore mentioned in his petition, in support of the allegations thereof. The petition also alleged that the prosecution failed to provide a list of witnesses; that the defense was not aware that Officer Zaloschan would be called as a witness, and that, as a result of such circumstance, the defendant was not given an opportunity to interrogate the witness.

The thrust of the defendant's argument is that Officer Zaloschan was not in fact the first officer present on the scene at the time of the occurrence, and that he, therefore, perjured himself at the trial.

Section 72 provides a basis for obtaining relief from a judgment based upon perjured testimony. (*Napue* v. *Illinois*, 360 U.S. 264, 266, 3 L. Ed. 2d 1217, 1219, 79 S. Ct. 1173; *People* v. *Lewis*, 22 Ill.2d 68, 70.) However, we find the defendant's petition insufficient in several respects. To be entitled to redress, the petitioner must not only show that adequate grounds for relief exist, but also that, through no fault or neglect of his own, the error of fact or the existence of a valid defense was not made to appear at the trial. Such petition is not intended to relieve a party from the consequences of his own mistake or negligence. *People* v. *Lewis*, 22 Ill.2d 68, 70; *Brockmeyer* v. *Duncan*, 18 Ill.2d 502, 505.

The defendant was on the scene when Officer Zaloschan arrived; he and his co-defendant were both police officers. Presumably, they both knew or could identify the officer or officers who came to the scene of the occurrence. It seems incomprehensible that adequate preparation or reasonable diligence in the course of the trial could not have enabled the defendant to offset the alleged perjured testimony at that time. The records of the Inspections Division, which the defendant now seeks, if in existence, were in existence at the time of the trial. We know of no valid reason for not seek-

ing them then. Further, we find no basis for supposing that the testimony of the officer that he was the first on the scene, if perjured, would have controlled the result.

In his testimony, co-defendant Penn confirmed that Officer Zaloschan was the first on the scene. The mere allegation of perjury is not sufficient to authorize relief under section 72; perjured testimony that warrants relief from a final judgment must be shown by clear and convincing evidence to have been not merely false, but to have been wilfully and purposely given, and to have been material to the issue tried and not merely cumulative, and that it probably controlled the determination. *People* v. *Lewis,* 22 Ill.2d 68, 71.

The petition under section 72 constitutes the filing of a new action and is subject to the rules governing such action. (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502, 505.) The State neither filed a written motion to dismiss nor an answer to the petition. However, the State did, albeit ineptly and inappropriately, orally attack the legal sufficiency of the petition, and the trial court treated the State's attack as a motion to dismiss. It is the rule that in determining whether the trial court correctly dismissed the petition, all facts well-pleaded must be treated as admitted. (*Withers* v. *People,* 23 Ill.2d 131, 135.) The petition, supporting affidavit and letters, do not, however, contain any factual allegations sufficient to support the defendant's charge of perjury and suppression of evidence. The conclusions and suppositions contained in his petition, unsupported by factual allegations, are not sufficient to sustain this action. *Glenn* v. *People,* 9 Ill.2d 335, 340, 341.

The defendant also contends that no list of witnesses was furnished to him prior to the trial, and that Officer Zaloschan was, therefore, a surprise witness. However, such contention is not pertinent, in that section 72 is not intended to provide a means of general review of the matters occurring at the trial. (*Guth* v. *People,* 402 Ill. 286, 288,

289. Also, the record indicates that no objection was made to the testimony of Officer Zaloschan at the time it was proffered. In view of all these circumstances, the trial court properly dismissed the defendant's section 72 petition.

The defendant requested that the trial court issue a subpoena at the hearing on the section 72 petition. Inasmuch as the petition was insufficient to sustain the action and present a basis for an evidentiary hearing, the trial court properly denied the request for subpoena.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*