THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD LEE RICHARDSON, Defendant-Appellant.

(No. 11659; )

Fourth District—September 13, 1972.

John E. Fick, of Decatur, for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case reaches us by way of transfer from our Supreme Court and is an appeal from a post-conviction hearing denying relief where an attorney's conflict of interest is charged in the petition. In our judgment this case is controlled by the decision in *People v. Meyers,* 46 Ill.2d 149, 263 N.E.2d 81, and under its mandate we are required to reverse and remand. That case had not been decided by our Supreme Court at the time the trial court denied post-conviction relief in this case.

The defendant was indicted for the murder of his wife, waived right of trial by jury and pleaded guilty to a reduced charge of voluntary manslaughter and upon what appears to be a negotiated plea was sentenced to the penitentiary for a term of 14 to 20 years. After the case reached our court, the defendant filed a *pro se* motion to amend his prayer for relief in the post-conviction appeal proceedings and requested that we limit any relief to a reduction in the sentence imposed by the trial court. The amendment is predicated upon his stated belief that for us to grant the new trial would mean that the State's Attorney would then revitalize

the murder charge or recommend a harsher sentence by way of punishment for effectuating a successful appeal. We have grave doubt that defendant's fears could or would be realized on a new trial. (*People v. Baze*, 43 Ill.2d 298, 253 N.E.2d 392.) If his motion can be taken as a waiver of his constitutional rights, the waiver is not knowledgeably made and must be disregarded. The motion of the defendant is denied.

In the post-conviction hearing, the defendant testified that his attorney prior to the time of his plea of guilty and sentence offered to represent him on a package deal, that is, he would represent him in the criminal case and likewise in a dram shop proceedings on behalf of the defendant's children on a contingent fee basis. The evidence shows that the defendant had spent many hours prior to the killing of his wife in a tavern consuming large amounts of beer. In September before his plea of guilty was entered, his attorney filed a suit at the instance of his father-in-law against the tavern for the use and benefit of the minor children. In the testimony taken, the attorney was not certain just when he discussed the dram shop suit with the defendant. He was asked specifically "did you ever discuss it with him prior to this plea at any length". Answer: "I don't have an independent recollection, but I am sure that I explained it to him at some point, that the children would have an action, yes." There is nothing in this record to indicate that he likewise explained to the defendant that the length of imprisonment might well have a direct effect upon the amount recovered in the dram shop action. The attorney explained that really he didn't think too much of the dram shop suit because the deceased wife was on ADC, the defendant had a bad work record for about three years prior to the time in question, and that he didn't regard the dram shop suit with much interest. He stated categorically that at no time had the dram shop suit entered into his consideration as to the length of the sentence. He admitted that the dram shop suit was on a contingent fee basis. The trial court indicated some apprehension about this conflict of interest but then found that there was no prejudice to the defendant shown.

In the face of *Meyers*, the trial court was under a misapprehension. Under *Meyers*, a like situation existed. The attorney offered to withdraw from either one or both cases, but the defendant requested him to continue. After the defendant was sentenced, Mrs. Meyers was notified that the dram shop action was without merit. The Supreme Court held in *People v. Stoval*, 40 Ill.2d 109, 239 N.E.2d 441, that where one of the defendant's counsel's regular clients was a jewelry store which had been burglarized by the defendant, there was sufficient conflict of interest to reverse and remand. The court pointed out in *Meyers* that appointed

counsel conceivably stood to gain a contingent fee which would presumably increase in proportion to the length of defendant's sentence and that such circumstances prompted an inquiry into counsel's motivation.

In the case at bar, there is no prejudice shown; there is no finding of intentional fraud or misrepresentation. The record fails to show, however, that counsel advised this defendant that there was a conflict of interest and the probable effect of the sentence upon the amount recoverable in the dram shop action. When the defendant entered his negotiated plea of guilty, he was not fully informed as to the effect of the Dram Shop Act. In *Stoval*, it is asserted that the right to effective assistance of counsel is a fundamental right and entitles a person represented to the undivided loyalty of counsel and this is so regardless of whether the attorney is one of his own choosing or court appointed. No showing of actual prejudice is required where the services of the attorney are rendered in a duplicitous position, where the full talents are inhibited as a vigorous advocate and are hobbled or fettered by his commitment to others. The conflict of interest precludes a constitutionally fair representation. *Meyers* reaffirms these *Stoval* holdings. Accordingly, *Meyers* compels this cause to be remanded with directions to vacate the judgment on the plea of guilty, permit withdrawal of the plea if desired, and for rearraignment of the defendant.

Reversed and remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.