THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY ETHERIDGE, Defendant-Appellant.

(No. 71-75;

Fifth District—November 3, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

No appearance for the People.

PER CURIAM:

Appellant was charged by complaint with driving while license revoked in violation of Sec. 6—303 of the Illinois Vehicle Code (Chap. 95½, Sec. 6—303, Ill. Rev. Stat.), which authorizes a maximum sentence of 1 year. On October 30, 1970, appellant appeared in court and entered a plea of not guilty. At a later appearance the same day, appellant entered a plea of guilty. He was not represented by counsel at either of these proceedings and no transcript was made of the guilty plea. Appellant was sentenced to a term of not more than 1 year at the Illinois State Penal Farm at Vandalia. He later filed a motion to vacate judgment pursuant to Ch. 110, Sec. 72, Ill. Rev. Stat. The State filed a motion to dismiss appellant's petition and after a hearing on this motion, the Circuit Court of Pope County dismissed appellant's petition.

Appellant, in his petition, alleged as follows: That his guilty plea was entered by mistake, duress, and fraud, and that there was a misunderstanding of the nature and extent of the charges against him; that the confusion was created by the sheriff of Pope County who was one of the arresting officers; that immediately prior to the guilty plea the sheriff approached two of appellant's relatives who were with him when he was arrested and told them that appellant was in "real trouble"; that he could get 2 to 5 years by saying not guilty but only a fine by pleading guilty; that these two relatives approached appellant about this and persuaded him to plead guilty. The petition further alleged that at the time of his arrest appellant had a valid driver's permit from Tennessee where he was a resident; that the sheriff had taken the permit when he was arrested and withheld it during the court proceedings and that appellant had no opportunity to advise the court of this fact during the appearance. The petition finally alleged that had the court been aware of these circumstances, it would not have acted as it did.

Two affidavits were filed in support of this petition, one from each of the two relatives referred to in the petition. Mrs. Elsie Robertson, duly sworn on oath, said that if she were called to testify she would state that on October 29, 1970, she was with appellant in a car driven and owned by one Paul Reeves; that when it started to get dark appellant was asked to drive because Mr. Reeves did not like to drive after dark; that about 3

miles west of Golconda on Watersburg Road, the sheriff and a State trooper stopped the car appellant was driving and explained that there was a disturbance in the area and they were stopping all cars. They asked appellant for his license and he produced his Tennessee license; the sheriff said, "You can't drive in Illinois on a Tennessee license"; that after the arrest, Mrs. Robertson met the sheriff in front of the courthouse on the day of the appearance and the sheriff told her, "Harry is in real trouble, if he pleads not guilty he would get 2 to 5 years; if he pleads guilty he would be only fined"; that relying on this statement, she persuaded appellant to plead guilty. The affidavit of Mrs. Minnie Etheridge states substantially the same allegations.

No counter-affidavits were filed by the State, and it does not appear of record that any testimony was taken concerning appellant's claim. After a hearing on the motion to dismiss, the Circuit Court found as follows: That appellant entered a plea of not guilty to the charge but later changed his plea to guilty; that he was not represented by counsel but was advised of his right to be represented by counsel and was on both occasions advised of the consequences of his plea being a fine of up to $1000 and/or imprisonment in the penal farm up to one year; that appellant was asked before sentencing whether he had any matters to bring to the attention of the court relative to any penalty imposed of the guilty plea; that during these proceedings no court reporter was present. The court then dismissed appellant's petition.

■■ The Supreme Court of Illinois has held that the purpose of section 72 is to bring before the court rendering judgment matters of fact not appearing of record, which, if known at the time judgment was rendered would have prevented its rendition. (*People v. Touhey* (1947), 397 Ill. 19, 72 N.E.2d 827; *Johnson v. People* (1943), 383 Ill. 91.) A motion here is an appropriate remedy in criminal as well as civil cases; it lies to set aside a conviction obtained by fraud, or where by some excusable mistake or ignorance of defendant, and without negligence on his part, he has been deprived of a defense which he could have used at trial, and which if known to the court would have prevented conviction. The proceedings in such a case are civil in nature, and the burden is on appellant to prove his allegations by a preponderance of the evidence. *People v. Touhey, supra.*

■■ The petition sets forth a *prima facie* case of fraud aud duress, and appellant should have been given an opportunity to be heard. *People v. Dugan* (1948), 401 Ill. 442, 82 N.E.2d 482.

The judgment of the trial court dismissing appellant's petition is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.