THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY E. COOK, Defendant-Appellant.

(No. 72-264;

Fifth District—May 2, 1973.

Chapman, Talbert & Chapman, of Granite City, (Charles W. Chapman, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Kenneth J. Juen, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant entered a plea of guilty in the Circuit Court of St. Clair County to an indictment charging him with the crime of murder and was sentenced to the penitentiary for a term of not less than fifty nor more than seventy-five years. That conviction was thereafter affirmed on appeal. (*People v. Cook*, 1 Ill.App.3d 292.) He thereafter filed a post-conviction petition which was denied after an evidentiary hearing, and this appeal is from that judgment.

The post-conviction petition alleged that the defendant's constitutional rights were violated in many respects. Many of the claims therein set forth in the petition were not, however, litigated in the post-conviction hearing and the majority of the claims are not argued on this appeal. It is well settled that points not argued or briefed on appeal are waived (*People v. Adams*, 113 Ill.App.2d 276-287), and we therefore will consider only those claims argued in this appeal.

The defendant's first argument is that his plea of guilty was not made voluntarily because he was not advised that the death sentence could be imposed upon a plea of guilty to the crime of murder. This claim was not presented to this court on the initial appeal from his conviction although it could have been on the appeal record. By failing to advance the argument at that time it has been waived, and cannot be the subject of post conviction relief.

It is also argued that the conviction should be set aside on the grounds that the record does not disclose that the trial court ascertained that there was a factual basis for the plea of guilty. This contention was fully considered by the court on the prior appeal and our judgment is *res judicata*.

Defendant's post-conviction petition alleged that he was under the influence of drugs at the time he entered his plea and he testified to that effect at the hearing; however, the trial judge was not obliged to believe his testimony and could properly have regarded it as improbable or false. (*People v. Kwiek*, 18 Ill.2d 121, 124.) In our opinion the trial court did not err in denying the post-conviction relief on that ground.

The final contention made by the defendant on this appeal is that his

plea of guilty was invalid because it was made because his retained counsel promised him a reduced sentence if he would plead guilty. This contention was not made in defendant's pro se post-conviction petition, and appointed counsel made no amendment to that petition. Defendant did however testify at the evidentiary hearing that he entered his plea because of a promise of leniency. The record is somewhat confusing as to the consideration given to this testimony. The prosecutor asked for dismissal of the petition, stating that there was no allegation in the petition as to the promise and that if there had been, he would have been compelled to have the attorney present at the post conviction hearing to testify concerning the promise. The court stated that the defendant's only quarrel was that he received a greater sentence than he wanted and that this disappointment in no way constituted a violation of any of defendant's constitutional rights.

■■ Relating to defendant's failure to raise the issue of the alleged inducement for his plea of guilty the prosecutor's position was technically correct. We must bear in mind, however, that this was a *pro se* petition which appointed counsel never saw fit to amend. Under these circumstances we do not believe that it is in the interest of justice to hold the defendant to strict compliance to standards relating to pleadings and proof. The trial judge did not state that he disbelieved the defendant, but indicated that his testimony, even if true, would not entitle him to relief. In this he was mistaken. (*People v. Williams*, 47 Ill.2d 1.) In our opinion the defendant is entitled to a hearing on his claim that his plea of guilty was induced by an unfulfilled promise of a more lenient sentence. The judgment of the circuit court of St. Clair County is therefore reversed and the cause is remanded with directions to permit the filing of an amended petition and for hearing on the limited issue of whether the defendant's plea of guilty was so induced.

Reversed and remanded.

EBERSPACHER, P. J., and G. MORAN, J., concur.