THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS STEWART, Defendant-Appellant.

First District (2nd Division)   No. 77-13

—Rehearing denied November 22, 1978.

Opinion filed October 17, 1978.

Sheldon R. Waxman, of Chicago, for appellant.

William J. Scott, Attorney General, and Bernard Carey, State's Attorney, both of Chicago (Michael B. Weinstein, Donald B. Mackay, and Melbourne A. Noel, Jr., Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Thomas Stewart, defendant, was found guilty of armed robbery on November 29, 1971, after a jury trial in the criminal court of Cook County. He was sentenced to a term of two to eight years. On direct appeal we affirmed this conviction and sentence (*People v. Stewart* (1st Dist. 1974), 24 Ill. App. 3d 605, 321 N.E.2d 450.) Leave to appeal to the Illinois Supreme Court was denied. *People v. Stewart* (1975), 58 Ill. 2d 595.

Defendant then filed a post-conviction petition which was later amended. After an evidentiary hearing before the same trial court judge, the amended petition was denied. It is from this judgment that defendant now appeals.

The issues on appeal are: (1) whether defendant was denied his constitutional right to effective assistance of counsel at the original trial; (2) whether the trial court erred in rejecting a confession of error made by the state's attorney of Cook County; and (3) whether the post-conviction hearing was conducted in such a manner as to deny defendant due process of law.

The detailed facts involved in the armed robbery are set forth in our first opinion, *People v. Stewart* (1st Dist. 1974), 24 Ill. App. 3d 605, 321 N.E.2d 450. Briefly, defendant was convicted of the armed robbery at the rectory of the Our Lady of the Mount Catholic Church in Cicero, Illinois. A co-defendant in the original trial, Stephen Sedlacko, was never tried. Both were represented by the same trial attorney, S. Thomas Sutton. However, on the direct appeal, defendant was represented by attorney Louis M. Leider.

On April 19, 1975, defendant filed a petition for post-judgment relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, pars. 122—1 through 122—7) and section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The petition was subsequently amended to also include a plea under the Habeas Corpus Act. (Ill. Rev. Stat. 1975, ch. 65, pars. 1 through 36.2.) In essence, the amended petition sought to set aside defendant's judgment and sentence on the following grounds: (1) that defendant's attorney at the trial level, S. Thomas Sutton, had planned the crime for which defendant was convicted, that Sutton represented both defendant and co-defendant, Sedlacko, and therefore defendant was denied his constitutional right to effective assistance of counsel; (2) that the failure of Chicago police officer Nolan to disclose to the prosecution evidence within the officer's control bearing upon defendant's innocence deprived him of due process of law; and (3) that these facts first became known in April or May of 1975.

In his amended petition, defendant alleged that the robbery at the church rectory was committed by persons acting on behalf of the Legion of Justice; that Sutton was significantly responsible for Legion activities

and was the "master mind" of the robbery; that Sedlacko admitted under oath his participation in the rectory robbery with another whose physical characteristics were similar to those of defendant; that the defendant never participated in the robbery; that at Sutton's direction Sedlacko absented himself from the defendant's trial; that Chicago police officer Nolan, who at the trial identified a joint photograph of the defendant and Sedlacko, knew that defendant did not participate in the robbery; and that Sutton's conflict of interest in representing both defendant and Sedlacko was never fully disclosed to or understood by defendant, and that these facts first became known to defendant in April or May 1975.

At the time of the post-conviction hearing, attorney Sutton was deceased. Defendant's attorney served subpoenas on four Chicago police officers to appear at the hearing. The trial court reserved ruling on a motion to quash the subpoenas by attorneys Harry J. Busch and Warren D. Wolfson who appeared as special assistant corporation counsel of the City of Chicago. The trial court, however, permitted attorneys Busch and Wolfson to participate in the hearing. These two attorneys took an active part in the hearing over the objection of the defendant. It does not appear in the record whether the state's attorney took a position with respect to this procedure. In any respect the hearing proceeded with the unusual cast of attorneys: the state's attorney, defendant's attorney, and two attorneys not representing a party in the action.

At the hearing, defendant testified that he was a member of the Legion of Justice, an organization of which Sutton was the leader and described as an intelligence organization that worked gathering information for a number of governmental agencies. Defendant admitted participating in the planning of the robbery with Sutton, Sedlacko, and police officer Nolan; that Nolan checked out the security system at the church and rectory; that the defendant did not participate in the robbery; that after he was indicted, Sutton told him Sedlacko would appear on his behalf; that Sutton would not allow him to testify at the trial; that he participated in several other Legion of Justice breakins and robberies at Sutton's direction; and that he was paid by Sutton who also represented him on several criminal charges. Defendant testified that he attended Legion meetings with his brother and Sedlacko even though at the trial his brother denied that defendant and Sedlacko were acquainted. Defendant also admitted participating in a robbery with Sedlacko approximately 24 hours after the instant robbery.

Defendant acknowledged he had been in contact with Sedlacko until the latter jumped bail; that he next visited Sedlacko in December 1974[1]; and that after he learned in March 1975 that his conviction was affirmed, he talked with Sedlacko several times about vacating the conviction.

---

[1] It is to be noted that our first opinion was issued November 26, 1974.

Defendant testified that he did not know until March or April of 1975 that Sutton had allegedly directed Sedlacko to leave the jurisdiction; and that one week before the trial Sutton told defendant's brother not to mention the Legion of Justice.

Co-defendant Sedlacko testified that Sutton placed him in charge of the rectory robbery and supplied four other men for the job, one of whom had the same color of hair and similar build as defendant; that defendant drove around with him to survey the church area; that Sutton planned to have separate trials, trying the defendant first since it was Sutton's belief that the State could not prove defendant guilty, and this would benefit Sedlacko at his trial; that after the robbery he told the police where defendant could be found; that after defendant was arrested, Sutton put up his bond; and that Sutton told Sedlacko to leave the jurisdiction and gave him $2,000 and two sets of identification.

Sedlacko further testified that after he returned to his jurisdiction he met with defendant's attorney and the state's attorney; that he was granted immunity in return for his testimony before the grand jury regarding Legion activities; and that he knew, as did some police officers, that defendant was not at the robbery. Sedlacko's cross-examination was interrupted when the case was continued. Thereafter a motion to strike Sedlacko's testimony by attorneys Busch and Wolfson was allowed. The record does not clearly indicate if Sedlacko's testimony was reinstated.

Thereafter the state's attorney submitted a confession of error on the grounds that defendant was denied effective assistance of counsel because of Sutton's own participation in the crime and the conflict of interest inherent in his representation of both defendant and Sedlacko. Thereupon the attorney general replaced the state's attorney on behalf of the State.

The trial court denied the petition and at that time indicated that although the State made a confession of error, the court did not consider the same binding upon the court, but rather must consider the facts and the law applicable to the case. The trial court found that attorney Sutton had tried the case vigorously and energetically, that the defendant was aware of Sutton's relationship with Sedlacko and with the Legion of Justice, and that the defendant had a fair trial and the effective assistance of counsel. The trial court further noted that even if defendant's testimony was taken as true, his admissions on the witness stand would make him guilty under the principles of accountability.

While this appeal was pending, the State moved to dismiss the appeal upon defendant's failure to file excerpts pursuant to Supreme Court Rule 342. (Ill. Rev. Stat. 1977, ch. 110A, par. 342.) That motion is pending before this court. Also during the appeal, defendant's attorney Louis Leider died after filing a brief on behalf of defendant. Leave was allowed defendant's present appellate attorney to file a supplemental brief.

## I.

### A.

■■ We first consider whether defendant is entitled to relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The purpose of a section 72 petition is to permit the vacation of judgments where facts existed which, had they been known at the time judgment was entered, would have prevented its rendition. (*People v. Hinton* (1972), 52 Ill. 2d 239, 243, 287 N.E.2d 657; see also *People v. Touhy* (1947), 397 Ill. 19, 24, 72 N.E.2d 827.) It must be a fact which influenced the court in its judgment but concerning which the court was in error. (Leighton, *Post-Conviction Remedies in Illinois Criminal Procedure*, 1966 U. Ill. L.F. 540, 566.) It must be demonstrated that the error of fact was not and could not have been discovered at the time of the original proceeding. *People v. Jennings* (1971), 48 Ill. 2d 295, 298, 269 N.E.2d 474; *Place v. Place* (2d Dist. 1971), 132 Ill. App. 2d 124, 126, 266 N.E.2d 170; *Weaver v. Bolton* (2d Dist. 1965), 61 Ill. App. 2d 98, 104-05, 209 N.E.2d 5.

■■■ Section 72 is an appropriate remedy where the omission of a valid defense was caused by fraud, duress, or excusable mistake. (*People v. Touhy*, at 24-25; *People v. Hinton*.) However, the Illinois Supreme Court has consistently held that in order for a petitioner to avail himself of section 72 relief, he must not only show adequate grounds for relief exist, but also that, through no fault or neglect of his own, the error of fact or the existence of a valid defense was not made to appear at the trial. Such petition is not intended to relieve a party from the consequences of his own mistake or negligence. *People v. Jennings* (1971), 48 Ill. 2d 295, 298, 269 N.E.2d 474; *People v. Bracey* (1972), 51 Ill. 2d 514, 521, 283 N.E.2d 685.

The record indicates that the only fact not known to defendant at the time of trial was that Sutton allegedly instructed Sedlacko to leave the jurisdiction. Defendant maintains that Sedlacko was to testify in defendant's behalf at the trial. At the hearing defendant testified that both Sutton and Officer Nolan knew he was not present at the robbery. Yet defendant made no attempt to bring this out at his original trial. Instead defendant chose to rely solely on his family to present an alibi defense which in part was discredited during the instant proceeding.

We find no basis for supposing that the testimony of Sedlacko would have controlled the result in regard to the trial court's finding of defendant's culpability. At trial, two priests, victims of the robbery, positively identified defendant as one of the perpetrators. This identification testimony was carefully scrutinized in the direct appeal.

In a section 72 proceeding, the burden is upon the petitioner to prove his allegations by a preponderance of the evidence. (*People v. Touhy*

(1947), 397 Ill. 19, 26, 72 N.E.2d 827; *People v. Etheridge* (5th Dist. 1972), 8 Ill. App. 3d 235, 237, 289 N.E.2d 659.) The credibility of witnesses in such proceedings is a matter for the trial court's determination. (*People v. Bracey* (1972), 51 Ill. 2d 514, 517, 283 N.E.2d 685; *People v. Bermundez* (1st Dist. 1975), 31 Ill. App. 3d 945, 947, 334 N.E.2d 907.) The trial court is not obliged to believe the testimony presented in support of the petition and can properly regard it as improbable or false. *People v. Cook* (5th Dist. 1973), 11 Ill. App. 3d 216, 217, 296 N.E.2d 612.

In the present case, it is difficult to imagine that Sedlacko would have testified at trial to defendant's innocence when in doing so Sedlacko would have implicated himself. The reason Sedlacko gave for fleeing the jurisdiction was to insure himself of a better defense.

■■ A reviewing court will not substitute its judgment for that of the trial court unless that judgment was manifestly erroneous since it was the trial court which had the opportunity to see and hear each witness. (*People v. Bracey*; *People v. Burton* (1970), 46 Ill. 2d 135, 141, 262 N.E.2d 917.) The petition in the present case is supported by defendant's own testimony and the testimony of his co-defendant, Stephen Sedlacko. No other evidence was offered. The record does not indicate whether Sedlacko's testimony was ever reinstated. The burden is on the appellant to submit to this court a complete record or some explanation for the failure to do so. (Supreme Court Rule 342, Ill. Rev. Stat. 1977, ch. 110A, par. 342.) The record before this court included Sedlacko's testimony. No objection was filed in this court to our considering such testimony. We have examined this testimony in an effort to satisfy ourselves whether there is any basis for defendant's petition. It should be noted that Sedlacko's testimony consists primarily of statements allegedly made to him by Sutton. Sutton at the time of this hearing was dead. In our opinion, based on the entire record before us, defendant failed to present facts necessary to warrant the relief requested.

This brings us to a consideration of defendant's motion under the Post-Conviction Hearing Act.

B.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, pars. 122—1 through 122—7) affords a remedy to convicted persons who claim that in their trial substantial Federal or State constitutional rights were violated. (*People v. Newberry* (1973), 55 Ill. 2d 74, 75, 302 N.E.2d 34; *People v. Derengowski* (1970), 44 Ill. 2d 476, 479, 256 N.E.2d 455.) The remedy is limited to constitutional issues and is not a device to relitigate petitioner's guilt or innocence. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 98, 233 N.E.2d 378; *People v. McGinnis* (1st Dist. 1977), 51 Ill. App. 3d 273, 276, 366 N.E.2d 969.) As in a section 72 proceeding, the burden of proof is

on the petitioner and the credibility of witnesses is for the trial court's determination. *People v. Bracey*, at 517.

The amended petition in the present case alleged that the conflict of interest inherent in Sutton's representation of Sedlacko, a guilty person, and of defendant, an innocent person, and of Sutton's involvement in the crime denied defendant his constitutional right to effective assistance of counsel. The petition also alleged that the effect of this conflict upon defendant's innocence was never disclosed to nor fully understood by defendant. The petition further alleged that Officer Nolan's failure to disclose evidence of defendant's innocence deprived defendant of due process of law.

We start with the basic principle that the right to effective assistance of counsel is one of the fundamental rights essential to a fair trial. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) This is fundamental in our system of justice.

In support of his petition, defendant relies on the same cases cited by the state's attorney in its confession of error: *Porter v. United States* (5th Cir. 1962), 298 F.2d 461; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441; *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81; *People v. Richardson* (4th Dist. 1972), 7 Ill. App. 3d 367, 287 N.E.2d 517. An examination of the facts presented in these cases is warranted here.

In *Porter v. United States*, defendant was convicted on a charge of violation of Federal narcotics law. His retained counsel was at the time (but this fact was unknown to defendant) attorney for a police officer who was involved in defendant's case. Defendant's counsel refused to call the officer as a witness.

The defendant filed a petition for post-conviction relief alleging that he was denied effective representation of counsel because this evidence was withheld from the jury. The petition was denied without a hearing.

The court found that a hearing on the petition must be held but issued a special caveat that the court was not deciding the merits of the case nor directing any particular action should be taken at the hearing.

The court in *Porter* stated:

"The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others. [Citations.]" 298 F.2d 461, 463.

In *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, defendant was convicted of burglary and theft of a jewelry store. At trial defendant

was represented by court-appointed counsel who had personally represented the jewelry store in the past, and his law firm was currently representing the jewelry store. Defendant appealed the conviction on the grounds that he was denied the effective assistance of counsel.

Even though there was no showing of actual prejudice, the court found that the mere possibility of an unwillingness to effectively represent the defendant was sufficient to require the granting of a new trial. Our supreme court stated:

> "[W]e believe that sound policy disfavors the representation of an accused, especially when counsel is appointed, by an attorney with possible conflict of interests. It is unfair to the accused, for who can determine whether his representation was affected, at least, subliminally, by the conflict." 40 Ill. 2d 109, 113.

In *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81, defendant pleaded guilty to a charge of burglary. Defendant was represented by court-appointed counsel who also represented defendant's wife on a possible dramshop action against a tavern where defendant had been drinking prior to the commission of the crime. Defendant filed a petition under the Post-Conviction Hearing Act, contending that his guilty plea was improperly induced, and that he had been denied the effective assistance of counsel.

In reversing the denial of the petition, the supreme court reiterated the holding in *Stoval* and held that where appointed counsel conceivably stood to gain a contingent fee which would presumably increase with the length of defendant's sentence, representation by that counsel was such a conflict as to require the conviction to be vacated without a showing of prejudice.

The *Meyers* case was followed by *People v. Richardson* (4th Dist. 1972), 7 Ill. App. 3d 367, 287 N.E.2d 517, which presented a similar fact situation.

Prior to a murder with which defendant was charged, he had spent many hours in a tavern consuming beer. Before the entry of the guilty plea, defendant's attorney with the approval of defendant, filed a dramshop action on behalf of defendant's minor children.

The court found the *Meyers* case to be controlling and held that there was no need to show prejudice, intentional fraud or misrepresentation, the mere existence of the conflict was sufficient.

From these and subsequent cases, Illinois has adopted a per se conflict-of-interest rule requiring reversal where there is a showing that defense counsel's past or present commitment to others raises the possibility of an unwillingness or inability to effectively represent a defendant regardless of any actual prejudice being shown. *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Johnson* (1970), 46 Ill. 2d 266, 265 N.E.2d 869; *People v. Grigsby* (1st Dist. 1977), 47 Ill. App.

3d 812, 365 N.E.2d 481; *People v. Halluin* (5th Dist. 1976), 36 Ill. App. 3d 556, 344 N.E.2d 579; *People v. Drysdale* (5th Dist. 1977), 51 Ill. App. 3d 667, 366 N.E.2d 394.

In *People v. Coslet* (1977), 67 Ill. 2d 127, 136, 364 N.E.2d 67, the court speculated that defendant and his lawyer might knowingly and collusively enter into a conflict of interest situation for the purpose of obtaining a reversal if defendant was convicted. However, the court was willing to assume such a risk in order to safeguard one's sixth amendment right.

Constitutional rights like other rights may be waived. (*Ciucci v. People* (1960), 21 Ill. 2d 81, 84, 171 N.E.2d 34; *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.) The Illinois Supreme Court has consistently held that when an appeal is taken from a conviction, as it was in this case, the judgment of the reviewing court is res judicata as to all issues actually raised, and all issues which could have been raised but were not are considered waived. *People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695; *People v. Kamsler* (1968), 40 Ill. 2d 532, 533, 240 N.E.2d 590; *People v. McCracken* (1969), 43 Ill. 2d 153, 155, 251 N.E.2d 212; *People v. Smith* (1st Dist. 1977), 56 Ill. App. 3d 569, 571, 371 N.E.2d 921.

Commenting on this waiver doctrine, the supreme court in *People v. Polansky* (1968), 39 Ill. 2d 84, 86, 233 N.E.2d 374, stated:

"Granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process, and the State is therefore free to choose this method to regulate the procedure of its courts in accordance with its own concepts of public policy and fairness. [Citation.]"

In the present case, unlike the facts presented in *Stoval, Meyers, Richardson,* or *Porter,* defendant's post-conviction petition was not filed until after his conviction had been affirmed. On the appeal, defendant did raise the incompetency of counsel issue but made no mention of the facts now alleged. (*People v. Stewart* (1st Dist. 1974), 24 Ill. App. 3d 605, 607, 321 N.E.2d 450.) At the post-conviction hearing, defendant admitted that he knew of Sutton's entire role in the robbery at least as of the time the original appeal was filed. The alleged fact that Sutton instructed Sedlacko to leave the jurisdiction only added to what was already known by defendant of Sutton's involvement.

The waiver rule will be relaxed only where its application would be inconsistent with the concept of fundamental fairness. (*People v. Hamby* (1965), 32 Ill. 2d 291, 294, 205 N.E.2d 456.) The rule has not been applied to issues in post-conviction proceedings where the alleged waiver stems from the incompetency of appointed counsel on appeal (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25); where appointed counsel on appeal

thwarted defendant's vigorous efforts to raise additional issues (*People v. Hamby*); or where the actions of trial counsel deprived petitioner of his right to appeal cognizable issues (*People v. Edgeworth* (1st Dist. 1975), 30 Ill. App. 3d 289, 332 N.E.2d 716).

However, fundamental fairness does not require the relaxation of the waiver rule where there is nothing in the record which would excuse the defendant's failure to raise the issues now presented either in the trial court or on appeal. *People v. Armes* (1967), 37 Ill. 2d 457, 227 N.E.2d 745; *People v. Agnello* (1966), 35 Ill. 2d 611, 221 N.E.2d 658 (where defendant waived issues of a defective indictment, his competency to stand trial, and his constitutional right to defend himself since there was no indication in the record of the original appeal that defendant disagreed with the presentation made by his appellate counsel or in any way attempted to raise the points which he raised for the first time in his post-conviction hearing); *People v. Healey* (2d Dist. 1974), 23 Ill. App. 3d 214, 318 N.E.2d 89 (where defendant waived issues of his incompetency to stand trial, that his guilty plea was coerced and his trial counsel was incompetent because he failed to show causes beyond his control which prevented the assertion of these issues on direct appeal, and since defendant was represented on direct appeal by different appointed counsel than at trial, he waived the incompetency of trial counsel issue); see also *People v. Hill* (1970), 44 Ill. 2d 299, 302-03, 255 N.E.2d 377.

And in *People v. Mamolella* (1969), 42 Ill. 2d 69, 245 N.E.2d 485, defendant was represented by privately retained counsel at his original trial. Several days after the trial, defendant retained another private attorney. After his conviction was affirmed on appeal, a section 72 petition was filed alleging a denial of due process based upon his trial counsel's failure to challenge the legality of a search warrant. The court considered the petition as a post-conviction proceeding.

After applying the waiver rule, the court stated:

> "Such rule is even more binding here where the charges are made through an attorney who had every opportunity himself to raise such questions either on post-trial motion or on direct review. To hold otherwise would only serve to prolong this proceeding interminably." 42 Ill. 2d 69, 73.

■■ We find nothing in the record before this court that would invoke the relaxation of the waiver rule. Assuming, *arguendo*, that defendant's efforts to raise the issues now presented were thwarted by Sutton at the original trial, there is no showing that defendant sought to raise issues on his direct appeal other than those actually presented to and discussed by this court. It is to be remembered that on direct appeal an attorney other than the trial attorney represented defendant. In fact defendant does not now suggest any reason why this subject was not raised on the direct appeal. Accordingly, all questions which could have been raised at that

time but were not are deemed waived. We find no basis for any relief under the post-conviction act.

## C.

The petition, when considered under the provisions of the Habeas Corpus Act (Ill. Rev. Stat. 1975, ch. 65, pars. 1 through 36.2) must also be denied.

■■■ A court has jurisdiction to release a prisoner on habeas corpus only where the original trial court lacked jurisdiction of the subject matter or person of defendant, or where there has been some occurrence subsequent to the prisoner's conviction which entitles the prisoner to release. (*People ex rel. Lewis v. Frye* (1969), 42 Ill. 2d 311, 247 N.E.2d 410; *People ex rel. Skinner v. Randolph* (1966), 35 Ill. 2d 589, 221 N.E.2d 279; *People ex rel. Rose v. Randolph* (1965), 33 Ill. 2d 453, 456-57, 211 N.E.2d 685.) The remedy is not available to review errors which would render the judgment voidable and are of a nonjurisdictional nature even though a claim of denial of constitutional rights is involved. (*People ex rel. St. George v. Woods* (1970), 47 Ill. 2d 261, 265 N.E.2d 164; *People ex rel. Walker v. Twomey* (2d Dist. 1973), 9 Ill. App. 3d 544, 291 N.E.2d 833.) Here no challenge has been made as to the jurisdiction of the trial court nor is there a claim of any occurrence since the judgment of conviction which would entitle defendant to release.

## II.

We next consider whether the trial court erred in renouncing the confession of error submitted by the state's attorney.

After the defense rested its case and before the trial court entered its ruling, the state's attorney filed a confession of error. The state concluded that Sutton's representation of co-defendants, Stewart and Sedlacko, was a duplicitous position, and he did not act as a true advocate with respect to defendant's rights. The state's attorney based his position on the fact that Sutton told defendant he had nothing to worry about because Sedlacko, who subsequently admitted committing the robbery in question, would testify at trial that defendant was not there, and while unknown to defendant, Sutton not only advised Sedlacko to leave the jurisdiction but supplied him with the means in form of money and identification. The state's attorney also found uncontradicted evidence of Sutton's involvement in the Legion of Justice, and that he had planned and supplied the personnel for the robbery; that Sutton was protecting his own interests shown by the fact that he instructed defendant's brother to deny any knowledge of defendant's association with Sedlacko; that Sutton supplied Ted Kominsky for the job who bore a strong resemblance to defendant, yet Sutton never called Kominsky as a witness nor disclosed his existence at the trial; that the fact defendant knew of Sutton's

participation is not controlling since Illinois law holds one's attorney must be entirely free from any possible conflict; that Sedlacko's testimony that he committed the crime with Kominsky places the identification testimony adduced at trial in question; and that defendant's admission to some participation in the planning aspects of the robbery would not support a conviction based upon another theory of guilt.

The trial court found the confession of error not binding upon its decision on the petition. We agree. Although we feel that the State's confession of error is entitled to great weight, we fail to find any authority which makes such a confession binding upon any court of law.

Illinois courts have consistently held that a confession of error is not conclusive and does not relieve the court of its duty to make an independent determination of the issue. *People v. Kelly* (1st Dist. 1965), 66 Ill. App. 2d 204, 209, 214 N.E.2d 290; *People v. Colston* (1st Dist. 1967), 81 Ill. App. 2d 75, 77, 225 N.E.2d 801; *People v. Fitzgerald* (1st Dist. 1968), 91 Ill. App. 2d 191, 192-93, 234 N.E.2d 79; see also *United States ex rel. Marino v. Holton* (7th Cir. 1956), 227 F.2d 886, *cert. denied* (1956), 350 U.S. 1006, 100 L. Ed. 868, 76 S. Ct. 650.

It is to be noted that the State in its confession of error made no mention of the fact that defendant failed to raise these issues in his direct appeal when represented by a different attorney.

■■ The trial court correctly held that it was not bound by the confession of error. It then pointed out that defendant's trial counsel tried the case vigorously and energetically; and that defendant was aware of Sutton's relationship with Sedlacko and with the Legion of Justice. We find no error in the trial court's conclusion. In reaching this conclusion based on the aforesaid facts, it is to be remembered that Sedlacko conveniently re-appeared after this court's opinion on the direct appeal became final.

### III.

Finally, we consider whether the post-conviction hearing was conducted in such a manner as to deny defendant due process of law.

Nonprejudicial error committed in a post-conviction hearing will not of itself entitle a defendant to relief. *People v. Derengowski* (1970), 44 Ill. 2d 476, 481, 256 N.E.2d 455.

■■ Allowing two attorneys who represented nonparties to participate in the post-conviction hearing was at best a most unusual procedure. How an attorney who represents a person who received a subpoena can be permitted to take part in the examination of witnesses is not suggested in the record. No one now seeks to defend such a procedure. Nor can it be defended. This type of procedure is not to be condoned but condemned. While it was error to allow attorneys, appearing on behalf of the Chicago Police Department, a nonparty to the action, to participate in the

proceedings, we fail to see how defendant was prejudiced. Upon direct examination by defense counsel and cross-examination by the State, testimony concerning Sutton's involvement in the Legion of Justice and his planning the robbery, supplying the personnel, and directing Sedlacko to leave the jurisdiction was brought out. The fact that defendant knew of Sutton's role in the robbery at the time of trial and his direct appeal was also brought out. The attorneys representing the Chicago Police Department primarily elicited impeachment testimony. In view of the basis of our finding in this case and the fact that the purpose of such a proceeding is not to redetermine the guilt or innocence of the defendant, we find no prejudicial error requiring reversal was committed.

## IV.

■■ The State filed a motion, which we ordered taken with the case, to dismiss the appeal on grounds that defendant has failed to file excerpts pursuant to Supreme Court Rule 342 (Ill. Rev. Stat. 1977, ch. 110A, par. 342) after being instructed to do so by order of this court. The failure to file these essential pleadings warrants dismissal. (*Denenberg v. Prudence Mutual Casualty Co.* (1st Dist. 1970), 120 Ill. App. 2d 68, 70, 256 N.E.2d 71.) Although we do not condone the failure to comply with the order of this court, we have considered the issues presented. We believe the merit of defendant's issues should be considered. For that reason, we deny the State's motion to dismiss. See *People v. Ellis* (1st Dist. 1972), 6 Ill. App. 3d 792, 287 N.E.2d 17 (abstract).

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and BROWN, JJ., concur.